IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>TAGGED, INC.,<br><br>Defendant. | **CASE NO. 2:14-cv-906**<br>*Consolidated with CASE NO. 2:14-cv-993*<br><br>**TAGGED, INC'S ANSWER**<br><br>**JURY TRIAL DEMANDED** |

## TAGGED, INC'S ANSWER TO COMPLAINT

Defendant Ifwe Inc., formerly known as Tagged, Inc. ("Tagged"), by and through its undersigned counsel, answers Plaintiff Emmanuel C. Gonzalez's Original Complaint for Patent Infringement. Unless specifically admitted below, Tagged denies each and every allegation set forth in the Original Complaint.

## PARTIES AND JURISDICTION

1. Tagged admits that plaintiff purports to be a resident and citizen of the Philippines and that plaintiff purports to have secondary residences in Makati City, Philippines and British Columbia, Canada. Except as so admitted, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 1, and on that basis denies them.

2. Tagged admits its place of incorporation is Delaware, that it maintains a principal place of business at 848 Battery Street, San Francisco, CA 94111, and that it may be served with process through its California registered agent, Mr. Greg Tseng, located at the same address.

3. Tagged admits that the patent infringement claims asserted in the complaint arise under the patent laws of the United States. Tagged denies any remaining allegations of paragraph 3.

4. Tagged admits this Court has subject matter jurisdiction over this action because the patent infringement claims asserted in the complaint arise under the patent laws of the United States.

5. Tagged admits that it operates websites at www.tagged.com and www.hi5.com. Tagged admits that these websites are available to consumers in this District. Tagged does not contest personal jurisdiction in this District for this particular case, but denies any remaining allegations of paragraph 5.

6. Although this District is not the most convenient or appropriate forum for this action, Tagged admits that venue in this District is proper.

## THE GONZALEZ PATENTS

7. Tagged admits that U.S. Patent 7,558,807 ("the '807 patent") is entitled "Host Website for Digitally Labeled Website and Method." Tagged admits that the '807 patent states that it was issued on July 7, 2009 from application no. 10/849,075, filed on October 28, 2004. Tagged admits that the '807 patent states that application no. 10/849,075 "claims priority to application Ser. No. 09/791,440, filed Feb. 22, 2001, which claims priority to Provisional Application Ser. No. 60/238,303 filed Oct. 4, 2000." Tagged admits that a copy of what purports to be the '807 patent is attached to the Complaint as Exhibit A, but denies that it should be presumed valid and enforceable. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 7, and on that basis denies them.

8. Tagged admits that U.S. Patent 7,647, 339 ("the '339 patent") is entitled "Method for Digitally Labeling Websites." Tagged admits that the '339 patent states that it was issued on January 12, 2010 from application number 09/791,440, filed on filed Feb. 22, 2001. Tagged admits that a copy of what purports to be the '339 patent is attached to the Complaint as Exhibit B, but denies that it should be presumed valid and enforceable. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 8, and on that basis denies them.

9. Tagged admits that U.S. Patent 7,873,665 ("the '665 patent") is entitled "Method for Digitally Labeling Websites." Tagged admits that the '665 patent states that it was issued on January 18, 2011 from application number 12/624,350, filed on November 23, 2009. Tagged admits that the '665 patent states that application number 12/624,350 was a continuation-in-part of application number 09/791,440. Tagged admits that a copy of what purports to be the '665 patent is attached to the Complaint as Exhibit C, but denies that it should be presumed valid and enforceable. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 9, and on that basis denies them.

10. Tagged admits that U.S. Patent 8,065,333 ("the '333 patent") is entitled "Method for Digitally Labeling Websites." Tagged admits that the '333 patent states that it was issued on November 22, 2011 from application number 12/965,720, filed on December 10, 2010. Tagged admits that the '333 patent states that application number 12/965,720 was a divisional of application number 12/624,350. Tagged denies that application number 12/965,720 was a continuation-in-part of application number 09/791,440. Tagged admits that a copy of what purports to be the '333 patent is attached to the Complaint as Exhibit D, but denies that it should

be presumed valid and enforceable. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 10, and on that basis denies them.

11.     Tagged admits that U.S. Patent 8,296,325 ("the '325 patent") is entitled "Method for Digitally Labeling Websites." Tagged admits that the '325 patent states that it was issued on October 23, 2012 from application number 12/965,737, filed on December 10, 2010. Tagged admits that the '325 patent states that application number 12/965,737 was a division of application number 12/624,350. Tagged denies that application number 12/965,737 was a continuation-in-part of application number 09/791,440. Tagged admits that a copy of what purports to be the '325 patent is attached to the Complaint as Exhibit E, but denies that it should be presumed valid and enforceable. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 11, and on that basis denies them.

12.     Tagged admits that each of the '807, the '339, the '665, the '333, and the '325 patents (collectively, the "Asserted Patents") states that plaintiff is its sole inventor and original owner. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 12, and on that basis denies them.

13.     Tagged admits that Patent Office records state that the maintenance fees for the Gonzalez Patents have been timely paid. Except as specifically alleged above, Tagged does not have sufficient knowledge or information as to the truth of the allegations set forth in paragraph 13, and on that basis denies them.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,558,807**

14. Tagged admits that the '807 patent generally relates to searchable databases containing digital labels. Tagged admits that claim 3 of the '807 patent generally relates to the steps the steps identified in paragraph 14. Except as so admitted, denied.

15. Tagged admits that it operates websites at www.tagged.com and www.hi5.com, that these websites operate on a networked computer systems that include web servers. Tagged admits that web servers located in San Francisco are involved in operating the websites at www.tagged.com and www.hi5.com. Tagged admits that source code, hardware, and/or software operate together in order to provide these websites, and that these websites have users. Except as so admitted, denied.

16. Denied.

**INFRINGEMENT OF UNITED STATES PATENT NO. 7,647,339**

17. Tagged admits that the '339 patent generally relates to compiling searchable databases containing digital labels. Tagged admits that claim 1 of the '339 patent generally relates to the steps identified in paragraph 17 of the complaint. Except as so admitted, denied.

18. Tagged admits that it operates websites at www.tagged.com and www.hi5.com, that these websites operate on a networked computer systems that include web servers. Tagged admits that web servers located in San Francisco are involved in operating the websites at www.tagged.com and www.hi5.com. Tagged admits that source code, hardware, and/or software operate together in order to provide these websites, and that these websites have users. Except as so admitted, denied.

19. Denied.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,873,665

20. Tagged admits that the '665 patent generally relates to compiling searchable databases containing digital labels. Tagged admits that claim 55 of the '665 patent generally relates to the steps identified in paragraph 20 of the complaint. Except as so admitted, denied.

21. Tagged admits that it operates websites at www.tagged.com and www.hi5.com, that these websites operate on a networked computer systems that include web servers. Tagged admits that web servers located in San Francisco are involved in operating the websites at www.tagged.com and www.hi5.com. Tagged admits that source code, hardware, and/or software operate together in order to provide these websites, and that these websites have users. Except as so admitted, denied.

22. Denied.

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,065,333

23. Tagged admits that the '333 patent generally relates to compiling searchable databases containing digital labels. Tagged admits that claim 1 of the '333 patent generally relates to the steps identified in paragraph 23 of the complaint. Except as so admitted, denied.

24. Tagged admits that it operates websites at www.tagged.com and www.hi5.com, that these websites operate on a networked computer systems that include web servers. Tagged admits that web servers located in San Francisco are involved in operating the websites at www.tagged.com and www.hi5.com. Tagged admits that source code, hardware, and/or software operate together in order to provide these websites, and that these websites have users. Except as so admitted, denied.

25. Denied.

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,296,325

26.     Tagged admits that the '325 patent generally relates to compiling searchable databases containing digital labels.  Tagged admits that claim 7 of the '325 patent generally relates to the steps identified in paragraph 26 of the complaint.  Except as so admitted, denied.

27.     Tagged admits that it operates websites at www.tagged.com and www.hi5.com, that these websites operate on a networked computer systems that include web servers.  Tagged admits that web servers located in San Francisco are involved in operating the websites at www.tagged.com and www.hi5.com.  Tagged admits that source code, hardware, and/or software operate together in order to provide these websites, and that these websites have users.  Except as so admitted, denied.

28.     Denied.

## RESPONSE TO JURY DEMAND

29.     Tagged admits that plaintiff demands a jury trial on all issues.

## RESPONSE TO CONCLUSION

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

34.     Tagged denies that plaintiff is entitled to any of the relief sought in its prayer.  Tagged has not infringed any of the patents identified by the plaintiff, whether directly, indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner or under any other theory.  Plaintiff is not entitled to recover damages, injunctive

relief, costs, fees, interest, or any other type of relief or recovery from Tagged. Plaintiff's complaint should be denied in its entirety and with prejudice, and plaintiff should take nothing.

## TAGGED'S AFFIRMATIVE DEFENSES

35. Tagged asserts the following affirmative and other defenses in response to the allegations of the original complaint. Tagged reserves the right to supplement and amend its defenses and to assert additional defenses as this action proceeds.

## FIRST AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT

36. Tagged has not infringed any of the patents identified by the plaintiff under 35 U.S.C. § 271(a),(b),(c), and/or (f), in any manner or under any other theory, willfully or otherwise.

## SECOND AFFIRMATIVE DEFENSE
## INVALIDITY

37. All asserted claims of the Asserted Patents are invalid for failure to meet one or more of the requirements set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112, or are invalid pursuant to the judicial doctrine barring double-patenting.

## THIRD AFFIRMATIVE DEFENSE
## PROSECUTION HISTORY ESTOPPEL

38. Plaintiff is estopped from asserting that one or more claims of the Asserted Patents are infringed by Tagged based on statements, representations, and/or amendments made to and/or before the United States Patent and Trademark Office during the prosecution of the applications for the Asserted Patents.

## COUNTERCLAIMS

39. Tagged counterclaims for declaratory judgment against Plaintiff Emmanuel C. Gonzalez as follows:

## THE PARTIES

40. Tagged is a Delaware corporation with its principal place of business at 840 Battery Street, Second Floor, San Francisco, CA 94111.

41. According to paragraph 1 of the Complaint, Mr. Gonzalez is an individual and resident of Cebu, Philippines, with secondary residences in Makati City, Philippines and British Columbia, Canada.

## JURISDICTION AND VENUE

42. These counterclaims arise under Title 35 of the United States code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and under 35 U.S.C., et seq.

43. Plaintiff has submitted to personal jurisdiction in this District by virtue of filing this action.

44. Although this District is not the most convenient or appropriate forum for this action, venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because plaintiff filed this action in this District.

## COUNT ONE
### (Declaration of Non-Infringement)

45. Tagged incorporates and realleges the allegations of each of the foregoing paragraphs.

46. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807, the '339, the '665, the '333, and the '325 patents. Mr. Gonzalez has brought suit against Tagged

for infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent.

47. Tagged has not infringed and is not infringing, directly or indirectly, any valid claim of the '807 patent, the '339 patent, the '665 patent, the '333 patent, or the '325 patent.

48. An actual case and controversy exists between Tagged and Mr. Gonzalez based on Mr. Gonzalez having filed a complaint alleging infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent, and that controversy is ripe for adjudication by this Court.

49. Tagged is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid claim in the '807 patent, the '339 patent, the '665 patent, the '333 patent, or the '325 patent.

## COUNT TWO
### (Declaration of Invalidity)

50. Tagged incorporates and realleges the allegations of paragraphs 1-5 of the Counterclaims.

51. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent. Mr. Gonzalez has brought suit against Tagged for infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent.

52. The claims of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103 and/or 112, or are invalid pursuant to the judicial doctrine barring double-patenting.

53. An actual case and controversy exists between Tagged and Mr. Gonzalez based on Mr. Gonzalez having filed a complaint alleging infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent, and that controversy is ripe for adjudication by this Court.

54. Tagged is entitled to a declaratory judgment that the claims of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent are invalid.

## TAGGED'S REQUEST FOR RELIEF

Tagged requests that the Court:

A. Enter judgment in Tagged's favor on each and every claim in the complaint, and that plaintiff take nothing;

B. Dismiss the complaint with prejudice in its entirety;

C. Enter a declaratory judgment that Tagged does not infringe the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent;

D. Enter a declaratory judgment that the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent is each invalid; and

E. Award Tagged its costs, disbursements, and attorney's fees, pursuant to 35 U.S.C. § 285 and/or any other applicable law or rule;

F. Grant such further relief to Tagged as is just and proper.

## JURY DEMAND

Tagged requests a trial by jury on all issues so triable.

**Dated: January 8, 2015**          Respectfully submitted,

By:   /s/ *Nicholas A. Brown*
NICHOLAS A. BROWN (CA SBN 198210, admitted EDTX)

   brownn@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: 415.655.1271
Facsimile: 415.520.5609

**ATTORNEY FOR DEFENDANT TAGGED, INC.**

## CERTIFICATE OF SERVICE

Pursuant to Local Civil Rule 5 (d), I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF system on **January 8, 2015**.

                                           */s/ Nicholas A. Brown*
                                           Nicholas A. Brown