IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ,<br><br>                     Plaintiff,<br><br>vs.<br><br>SNAP INTERACTIVE, INC.,<br><br>                     Defendant. | **CASE NO. 2:14-cv-906**<br>*Consolidated with CASE NO. 2:14-cv-992*<br><br>**JURY DEMAND** |

## ANSWER TO COMPLAINT

Defendant Snap Interactive, Inc. ("Snap Interactive"), by and through its undersigned counsel, answers Plaintiff Emmanuel C. Gonzalez's Original Complaint for Patent Infringement ("Complaint"). Unless specifically admitted below, Snap Interactive denies each and every allegation set forth in the Complaint.

## PARTIES AND JURISDICTION

1. Snap Interactive admits that Plaintiff claims to be a resident and citizen of the Philippines and that Plaintiff claims to have secondary residences in Makati City, Philippines and British Columbia, Canada. Snap Interactive denies any remaining allegations in paragraph 1.

2. Snap Interactive admits its place of incorporation is Delaware and that it has a designated corporation service company. Snap Interactive denies any remaining allegations in paragraph 2.

3. Snap Interactive admits that this action arises under the patent laws of the United States. Snap Interactive denies any remaining allegations in paragraph 3.

4. Snap Interactive admits that this Court has subject matter jurisdiction over this action because this action arises under the patent laws of the United States. Snap Interactive denies any remaining allegations in paragraph 4.

5. Snap Interactive admits its website can be accessed by persons residing in Texas. Snap Interactive denies the remaining allegations in paragraph 5.

6. Snap Interactive denies the allegations in paragraph 6.

## THE GONZALEZ PATENTS

7. Snap Interactive admits that U.S. Patent No. 7,558,807 ("the '807 patent") is entitled "Host Website for Digitally Labeled Websites and Method." Snap Interactive admits that the '807 patent, on its face, indicates that it was issued on July 7, 2009 from application No. 10/849,075. Snap Interactive admits that a section of the patent entitled "Related Applications" states as follows: "This application claims priority to application Ser. No. 09/791,440 filed Feb. 22, 2001, which claims priority to Provisional Application Ser. No. 60/238,303 filed Oct. 4, 2000." Snap Interactive admits that a copy of what purports to be the '807 patent is attached to the Complaint as Exhibit A. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 7, and on that basis denies those allegations.

8. Snap Interactive admits that U.S. Patent No. 7,647,339 ("the '339 patent") is entitled "Method for Digitally Labeling Websites." Snap Interactive admits that the '339 patent, on its face, indicates that it was issued on January 12, 2010 from application No. 09/791,440. Snap Interactive admits that a copy of what purports to be the '339 patent is attached to the Complaint as Exhibit B. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 8, and on that basis denies those allegations.

9. Snap Interactive admits that U.S. Patent No. 7,873,665 ("the '665 patent") is entitled "Method for Digitally Labelling Websites." Snap Interactive admits that the '665 patent, on its face, indicates that it was issued on January 18, 2011 from application No. 12/624,350. Snap Interactive admits that the '665 patent, on its face, claims that the application is a continuation in part of application No. 09/791,440. Snap Interactive admits that a copy of what purports to be the '665 patent is attached to the Complaint as Exhibit C. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 9, and on that basis denies those allegations.

10. Snap Interactive admits that U.S. Patent No. 8,065,333 ("the '333 patent") is entitled "Method for Digitally Labelling Websites." Snap Interactive admits that the '333 patent, on its face, indicates that it was issued on November 22, 2011 from application No. 12/965,720. Snap Interactive admits that the '333 patent, on its face, claims that the application is a divisional of application No. 12/624,350, which claims to be a continuation-in-part of application No. 09/791,440. Snap Interactive admits that a copy of what purports to be the '333 patent is attached to the Complaint as Exhibit D. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 10, and on that basis denies those allegations.

11. Snap Interactive admits that U.S. Patent No. 8,296,325 ("the '325 patent") is entitled "Method for Digitally Labelling Websites." Snap Interactive admits that the '325 patent, on its face, indicates that it was issued on October 23, 2012 from application No. 12/965,737. Snap Interactive admits that the '325 patent, on its face, claims that the application is a divisional of application No. 12/624,350, which claims to be a continuation-in-part of application No. 09/791,440. Snap Interactive admits that a copy of what purports to

be the '325 patent is attached to the Complaint as Exhibit E. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 11, and on that basis denies those allegations.

12. Snap Interactive admits that the '807, '339, '665, '333, and '325 patents, on their face, claim that Plaintiff is the sole inventor. Snap Interactive lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 12, and on that basis denies those allegations.

13. Snap Interactive lacks sufficient information or knowledge to admit or deny the allegations in paragraph 13, and on that basis denies those allegations.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,558,807

14. Snap Interactive admits that claim 3 of the '807 patent generally relates to the subject matter described in paragraph 14 but the claim language, not Plaintiff's description, governs the scope of that claim. Snap Interactive denies any remaining allegations in paragraph 14.

15. Snap Interactive admits that it operates a website, and has a server in New York, New York and that it has vendors and customers. Snap Interactive denies the remaining allegations in paragraph 15.

16. Snap Interactive denies the allegations in paragraph 16.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,647,339

17. Snap Interactive admits that claim 1 of the '339 patent generally relates to the subject matter described in paragraph 17, but the claim language, not Plaintiff's description, governs the scope of that claim. Snap Interactive denies any remaining allegations in paragraph 17.

4

18. Snap Interactive admits that it operates a website, and has a server in New York, New York and that it has vendors and customers. Snap Interactive denies the remaining allegations in paragraph 18.

19. Snap Interactive denies the allegations in paragraph 19.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 7,873,665

20. Snap Interactive admits that claim 55 of the '665 patent generally relates to the subject matter described in paragraph 20, but the claim language, not Plaintiff's description, governs the scope of that claim. Snap Interactive denies any remaining allegations in paragraph 20.

21. Snap Interactive admits that it operates a website, and has a server in New York, New York and that it has vendors and customers. Snap Interactive denies the remaining allegations in paragraph 21.

22. Snap Interactive denies the allegations in paragraph 22.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,065,333

23. Snap Interactive admits that claim 1 of the '333 patent generally relates to the subject matter described in paragraph 23, but the claim language, not Plaintiff's description, governs the scope of that claim. Snap Interactive denies any remaining allegations in paragraph 23.

24. Snap Interactive admits that it operates a website, and has a server in New York, New York and that it has vendors and customers. Snap Interactive denies the remaining allegations in paragraph 24.

25. Snap Interactive denies the allegations in paragraph 25.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,296,325

26. Snap Interactive admits that claim 7 of the '325 patent generally relates to the subject matter described in paragraph 26 but the claim language, not Plaintiff's description, governs the scope of that claim. Snap Interactive denies any remaining allegations in paragraph 26.

27. Snap Interactive admits that it operates a website, and has a server in New York, New York and that it has vendors and customers. Snap Interactive denies the remaining allegations in paragraph 27.

28. Snap Interactive denies the allegations in paragraph 28.

## WILLFULNESS

29. Snap Interactive admits it received a demand letter from Plaintiff on or about August 6, 2014. Snap Interactive denies the remaining allegations in paragraph 29.

30. Snap Interactive denies the allegations in paragraph 30.

## JURY DEMAND

31. Snap Interactive admits that Plaintiff demands a jury trial on all issues.

## PRAYER FOR RELIEF

32. Snap Interactive denies the allegations in paragraph 32.

33. Snap Interactive denies the allegations in paragraph 33.

34. Snap Interactive denies the allegations in paragraph 34.

35. Snap Interactive denies the allegations in paragraph 35.

36. Snap Interactive denies all allegations in Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief.

37. Snap Interactive denies any factual allegations not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted for, among other reasons, the reasons set forth below.

### Second Affirmative Defense
### (Invalidity)

Upon information and belief, the '807, '339, '665, '333, and '325 patents are invalid, void, and unenforceable because they fail to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, including without limitation, for the reasons set forth in Snap Interactive's November 18, 2014 letter to Plaintiff, which is incorporated herein by reference. Also, these patents claim patent ineligible subject matter under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014) and/or fail to meet the requirements of Section 112 as shown by the claims and specifications in those patents.

### Third Affirmative Defense
### (Non-Infringement)

Snap Interactive has not and does not infringe the '807, '339, '665, '333, and '325 patents, either directly or indirectly, literally, or under the doctrine of equivalents, including without limitation, for the reasons set forth in Snap Interactive's November 18, 2014 letter to Plaintiff.

### Fourth Affirmative Defense
### (35 U.S.C. § 286)

Plaintiff's recovery for alleged infringement of the '807, '339, '665, '333, and '325 patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

### Fifth Affirmative Defense
### (35 U.S.C. § 287)

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those alleged damages occurring only after the notice of infringement.

### Sixth Affirmative Defense
### (No Willfulness)

Plaintiff fails to state a claim for willful infringement as a matter of law, including without limitation, for the reasons set forth in Snap Interactive's November 18, 2014 letter to Plaintiff.

### Seventh Affirmative Defense
### (Exhaustion)

Plaintiff's claims are barred in whole or in part by patent exhaustion.

### Eighth Affirmative Defense
### (No Indirect Infringement)

To the extent that Plaintiff asserts that Snap Interactive indirectly infringes, either by contributory infringement or inducement of infringement, Snap Interactive is not liable to Plaintiff for acts performed by third parties or performed when Snap Interactive did not have specific intent that its actions would cause direct infringement, including without limitation, for the reasons set forth in Snap Interactive's November 18, 2014 letter to Plaintiff.

### Ninth Affirmative Defense
### (Laches and Estoppel)

Plaintiff's attempted enforcement of the '807, '339, '665, '333, and '325 patents against Snap Interactive is barred by laches and estoppel.

**Tenth Affirmative Defense**
**(Prosecution History Estoppel)**

By virtue of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications that matured into the '807, '339, '665, '333, and '325 patents, as illustrated by their prosecution histories, which are incorporated by reference, Plaintiff is estopped from asserting that Snap Interactive has infringed directly or indirectly, any claim of any of the '807, '339, '665, '333, and '325 patents either, literally or under the doctrine of equivalents.

**Eleventh Affirmative Defense**
**(35 U.S.C. § 288)**

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**Twelfth Affirmative Defense**
**(License)**

Plaintiff's purported claims for damages and other relief resulting from alleged infringement of claims as a result of Snap Interactive's actions in conjunction with the actions of other parties, which Snap Interactive specifically denies, are barred to the extent that those other parties are licensed to practice the claims of '807, '339, '665, '333, and/or '325 patents and/or are released from past claims of infringement of the claims of '807, '339, '665, '333, and/or '325 patents.

**Thirteenth Affirmative Defense**
**(Reservation of Additional Defenses)**

Snap Interactive reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Snap Interactive to an award of its costs, expenses, and reasonable attorneys' fees incurred in the present action pursuant to 35 U.S.C. § 285, because, among other reasons, Plaintiff knew or should have known that Snap Interactive does not infringe any valid claim of any of the '807, '339, '665, '333, and '325 patents and/or that the claims of those patents are invalid, including for the reasons set forth in Snap Interactive's November 18, 2014 letter to Plaintiff. Continuing its infringement accusations under these circumstances amounts to unjustified and vexatious litigation, compelling an award of exceptional case remedies.

## COUNTERCLAIMS

Snap Interactive counterclaims for declaratory judgment against Plaintiff Emmanuel C. Gonzalez as follows:

## THE PARTIES

1. Snap Interactive is a Delaware corporation with its principal place of business at New York, New York.

2. According to paragraph 1 of the Complaint, Mr. Gonzalez is an individual and resident of Cebu, Philippines, with secondary residences in Makati City, Philippines and British Columbia, Canada.

3. Snap Interactive incorporates its answer and affirmative defense responses and allegations into these Counterclaims.

## JURISDICTION AND VENUE

4. These counterclaims arise under Title 35 of the United States Code. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and under 35 U.S.C. § 1, *et seq*.

5. Plaintiff has submitted to personal jurisdiction in this District by virtue of filing this action.

6. Although this District is not the most convenient or appropriate forum for this action, for purposes of these Counterclaims only, venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Plaintiff filed this action in this District.

**COUNT ONE**
**(Declaration of Non-Infringement)**

7. Snap Interactive incorporates and realleges the above allegations as if set forth in full here.

8. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807, the '339, the '665, the '333, and the '325 patents. Mr. Gonzalez has brought suit against Snap Interactive for infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent.

9. Snap Interactive has not infringed and is not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '807 patent, the '339 patent, the '665 patent, the '333 patent, or the '325 patent.

10. An actual case and controversy exists between Snap Interactive and Mr. Gonzalez based on Mr. Gonzalez having filed a Complaint alleging infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent, and that controversy is ripe for adjudication by this Court.

11. Snap Interactive is entitled to a declaratory judgment that it does not infringe, and has not infringed, any valid claim in the '807 patent, the '339 patent, the '665 patent, the '333 patent, or the '325 patent.

## COUNT TWO
### (Declaration of Invalidity)

12. Snap Interactive incorporates and realleges the above allegations as if set forth in full here.

13. Mr. Gonzalez alleges that he is the sole inventor and original owner of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent. Mr. Gonzalez has brought suit against Snap Interactive for infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent.

14. The claims of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent are invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, or are invalid pursuant to the judicial doctrine barring double-patenting.

15. An actual case and controversy exists between Snap Interactive and Mr. Gonzalez based on Mr. Gonzalez having filed a Complaint alleging infringement of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent, and that controversy is ripe for adjudication by this Court.

16. Snap Interactive is entitled to a declaratory judgment that the claims of the '807 patent, the '339 patent, the '665 patent, the '333 patent, and the '325 patent are invalid.

## JURY DEMAND

Snap Interactive demands a trial by jury on all issues triable by right of jury, whether raised by the Plaintiff's Complaint, or by any other claims or defenses asserted for trial in the present action.

## **CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Snap Interactive prays for relief as follows:

(a) Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff is entitled to no recovery on the Complaint;

(b) For an entry of a declaratory judgment that each of the asserted claims of the '807, '339, '665, '333, and '325 patents is invalid, void, unenforceable, and without force and effect;

(c) For an entry of a declaratory judgment that Snap Interactive has not infringed and does not infringe any of the claims of the '807, '339, '665, '333, and '325 patents;

(d) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and/or any other applicable law or rule, and awarding Snap Interactive its attorneys' fees and full costs and disbursements of suit along with permissible interest; and

(e) Awarding Snap Interactive such other and further relief as this Court deems just and appropriate.

Dated: January 16, 2015  Respectfully submitted,

By: *s/ Andrew P. Zappia*
Andrew P. Zappia
(NY Reg. No. 2759074)
LeClairRyan, A Professional Corporation
70 Linden Oaks, Suite 210
Rochester, New York 14625
Tel. (585) 270-2100
Fax (585) 270-2179
Email: Andrew.Zappia@leclairryan.com

ATTORNEYS FOR DEFENDANT
SNAP INTERACTIVE, INC.

14572423

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing **ANSWER TO COMPLAINT** via the Court's CM/ECF system pursuant to Local Civil Rule 5(a)(3) on this 16th day of January, 2015, including the following:

>Michael Scott Fuller
>LOCKE LORD LLP
>2200 Ross Avenue, Suite 2200
>Dallas, Texas  75201-6776
>Email:  sfuller@lockelord.com
>
>*Attorney for Plaintiff Emmanuel C. Gonzalez*

*s/ Andrew P. Zappia*
Andrew P. Zappia
