## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| EMMANUEL C. GONZALEZ, | |
| Plaintiff, | 2:14-cv-00906-JRG-RSP |
| v. | (Lead Case) |
| INFOSTREAM GROUP, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ELITE MARKETING SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO EMMANUEL GONZALEZ'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Elite Marketing Solutions, Inc. ("Elite"), hereby submits its Answer and Affirmative Defenses to Plaintiff Emmanuel C. Gonzalez's ("Plaintiff['s]") Complaint, as set forth below. Unless specifically admitted, Defendant denies each and every allegation made by Plaintiff in the Complaint and states as follows:

## PARTIES AND JURISDICTION

**Complaint No. 1:** Plaintiff Emmanuel C. Gonzalez is an individual resident and citizen of Cebu, Philippines, with secondary residences in Makati City, Philippines and British Columbia, Canada.

**Answer to Complaint No. 1:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore denies them.

**Complaint No. 2:** Upon information and belief, Defendant Elite is a Nevada corporation, maintaining a principal place of business at 312 West 4th Street, Carson City, Nevada 89703. Defendant may be served with process through its registered agent,

1

Fountainhead Associates, Inc., 400 Dorla Court, Suite 4, Zephyr Cove, Nevada 89448. Alternatively, on information and belief, Fountainhead Associates may also be located at 312 West 4th Street, Carson City, Nevada 89703.

**Answer to Complaint No. 2:** Elite admits that it is a Nevada corporation. Elite admits that its agent for service of process in the state of Nevada is Fountainhead Associates, Inc., and that Fountainhead Associates can be found at 400 Dorla Court, Suite 4, Zephyr Cove, Nevada 89448. Elite denies the remaining allegations of paragraph 2.

**Complaint No. 3:** This Complaint and the matters and claims set forth herein arise under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including specifically at least 35 U.S.C. §§ 271, 281, 283, 284, and 285.

**Answer to Complaint No. 3:** Elite admits that this action arises under Title 35 of the United States Code, but Defendant denies any liability thereunder. Except as expressly admitted herein, Elite denies each and every allegation of Paragraph 3.

**Complaint No. 4:** This Court has jurisdiction over the claims made in this Complaint under the Patent Laws as set forth in Title 35 of the United States Code and under Title 28 of the United States Code §§ 1331, 1332(a)(2), and 1338(a).

**Answer to Complaint No. 4:** Elite admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but Defendant denies any liability thereunder.

**Complaint No. 5:** This Court has personal jurisdiction over the Defendant, as Defendant has committed, and continues to commit, acts of direct patent infringement in the State of Texas and within this District, to the injury of Plaintiff Emmanuel C. Gonzalez. Further, this Court has personal jurisdiction over the Defendant because

Defendant has and continues to conduct business in the State of Texas, and/or has engaged in continuous, intentional, and systematic commercial activities in the State of Texas. The Defendant's infringing activities are conducted via Defendant's website, including but not limited to, those at the following .com addresses: (i) dateacougar; (ii) indiansexdates; (iii) adultlove; (iv) bondagedating; (v) findashemalelover; (vi) grannysexpersonals; (vii) bikerplanet; (viii) maturehookupdating; (ix) dateamillionaire; (x) asianmatching; (xi) blackscene; (xii) findanewlover; (xiii) dateacowboy; (xiv) asianmatcihing; (xv) fitnessdates; and (xvi) christianlifestyle, including their respective associated and/or linked websites (collectively the "Accused Websites"), which are readily and openly available to consumers in this district. On information and belief, the Defendant has knowingly and intentionally transacted substantial business with residents of the State of Texas and of this district. The Defendant has sufficient minimum contacts with this forum as a result of its aforementioned business activities.

**Answer to Complaint No. 5:** Denied.

**Complaint No. 6:** Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(b).

**Answer to Complaint No. 6:** Denied.

## THE GONZALEZ PATENTS

**Complaint No. 7:** On October 4, 2000, a Provisional Patent Application [Ser. No. 60/238,303] was filed on behalf of the Plaintiff and sole inventor, Emmanuel C. Gonzalez. Thereafter, a Non-Provisional Application [Ser. No. 09/791,440] on the invention and claiming the benefit of priority from the '303 Provisional Patent Application was timely filed on February 22, 2001, from which ultimately (via Divisional Application [Ser. No. 10/849,075]) issued United States Patent No. 7,558,807 ("the '807 Patent"). The '807

3

Patent, entitled "Host Website for Digitally Labeled Websites and Method," issued on July 7, 2009 after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a). A copy of the '807 Patent is attached hereto as Exhibit A.

**Answer to Complaint No. 7:** Elite admits that United States Patent No. 7,558,807, entitled "Host Website for Digitally Labeled Websites and Method," appears on its face to have been issued on July 7, 2009. Elite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

**Complaint No. 8:** The aforementioned '440 Non-Provisional Patent Application ultimately issued as United States Patent No. 7,647,339 ("the '339 Patent") on January 12, 2010. The '339 Patent, entitled "Method for Digitally Labeling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a). A copy of the '339 Patent is attached hereto as Exhibit B.

**Answer to Complaint No. 8:** Elite admits that United States Patent No. 7,647,339, entitled "Method for Digitally Labeling Websites," appears on its face to have been issued on January 12, 2010. Elite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

**Complaint No. 9:** On November 23, 2009, Continuation-In-Part Application [Ser. No. 12/624,350] of the aforementioned '440 Application was filed. The '350 Application ultimately issued as United States Patent No. 7,873,665 ("the '665 Patent") on January 18,

2011. The '665 Patent, entitled "Method for Digitally Labeling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a). A copy of the '665 Patent is attached hereto as Exhibit C.

**Answer to Complaint No. 9:** Elite admits that United States Patent No. 7,873,665, entitled "Method for Digitally Labeling Websites," appears on its face to have been issued on January 18, 2011. Elite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

**Complaint No. 10:** On December 10, 2010, Application [Ser. No. 12/965,720], which is a Divisional of the aforementioned '350 Application and a Continuation-In-Part of the aforementioned '440 Application, was filed. The '720 Application ultimately issued as United States Patent No. 8,065,333 ("the '333 Patent") on November 22, 2011. The '333 Patent, entitled "Method for Digitally Labelling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a). A copy of the '333 Patent is attached hereto as Exhibit D.

**Answer to Complaint No. 10:** Elite admits that United States Patent No. 8,065,333, entitled "Method for Digitally Labeling Websites," appears on its face to have been issued on November 22, 2011. Elite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

**Complaint No. 11:** Also on December 10, 2010, Application [Ser. No. 12/965,737], which is a Divisional of the aforementioned '350 Application and a Continuation-In-Part of aforementioned '440 Application, was filed. The '737 Application ultimately issued as United States Patent No. 8,296,325 ("the '325 Patent) on October 23, 2012. The '325 Patent, entitled "Method for Digitally Labelling Websites," issued after a full and fair examination by the United States Patent and Trademark Office, and is presumed to be valid and enforceable under 28 U.S.C. § 282(a). A copy of the '325 Patent is attached hereto as Exhibit E.

**Answer to Complaint No. 11:** Elite admits that United States Patent No. 8,296,325, entitled "Method for Digitally Labeling Websites," appears on its face to have been issued on October 23, 2012. Elite is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

**Complaint No. 12:** Emmanuel C. Gonzalez is the sole inventor and original owner of the subject matter of each of the '807, '339, '665, '333, and '325 Patents (the "Gonzalez Patents"). The Gonzalez Patents have never been assigned, sold, conveyed, or exclusively licensed to any third party. Emmanuel C. Gonzalez is the sole and original owner of all rights in and to the Gonzalez Patents, including but not limited to the sole and exclusive rights to grant licenses, to exclude others from practicing the claimed inventions in the United States, and to file lawsuits and seek damages for infringement of the Gonzalez Patents.

**Answer to Complaint No. 12:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, and therefore denies them.

**Complaint No. 13:** All maintenance fees for the Gonzalez Patents have been timely paid.

**Answer to Complaint No. 13:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies them.

### INFRINGEMENT OF
### UNITED STATES PATENT NO. 7,558,807

**Complaint No. 14:** As set forth fully in Exhibit A, the '807 Patent discloses and claims, generally, methods and systems for compiling searchable digitally labeled subscriber databases in which each such label represents a given specific quality. As recited in claim 3 of the '807 Patent, the invention relates in one respect to a method for listing Internet content comprising the steps of: (i) configuring a computer system to compile a digital label database for providing to a listing subscriber digital labels representing different specific qualities and to compile a subscriber database for storing a listing of subscribers' digital labels; (ii) configuring the computer system to respond to a subscriber's request for listing; guiding the subscriber via a website display to enter information pertaining to the subscriber; and (iii) converting the information to digital labels by accessing the digital label database and storing subscriber digital labels in Host Website databases.

**Answer to Complaint No. 14:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

**Complaint No. 15:** Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '807 Patent, including but not limited to claims 3, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Newark, New Jersey. On information and belief, each of the Accused Websites provide subscribers with an interface by which each individual subscriber or subscriber can create a listing containing specific qualities attributable to the subscriber. Each such quality is converted into a digital label and stored in a searchable database.

**Answer to Complaint No. 15:** Denied.

**Complaint No. 16:** The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**Answer to Complaint No. 16:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

# INFRINGEMENT OF
# UNITED STATES PATENT NO. 7,647,339

**Complaint No. 17:** As set forth fully in Exhibit B, the '339 Patent discloses and claims, generally, methods for creating and encoding data about a website, and compiling such data in a searchable database. As recited in claim 1 of the '339 Patent, the invention relates in one respect to a method for labeling Internet websites comprising the steps of: (i) creating and encoding data about the searchable content of a website by a creator of the website, according to a universally- agreed convention, so as to produce a plurality of labels for each website, with each label representing a particular item of said data, and the incorporation of these labels in a file resident on the website; (ii) copying and storing the labels on a search engine's own computer; and (iii) providing public access to the search engine's computer through the Internet for purposes of facilitating searches based on the labels, by the general public, for stored websites.

**Answer to Complaint No. 17:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore denies them.

**Complaint No. 18:** Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '339 Patent, including but not limited to claim 1, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near

Newark, New Jersey. On information and belief, the Accused Websites encode data about individual subscribers (websites) in the form of labels, and provides search functionality based upon those labels.

**Answer to Complaint No. 18:** Denied.

**Complaint No. 19:** The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**Answer to Complaint No. 19:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,873,665

**Complaint No. 20:** As set forth fully in Exhibit C, the '665 Patent discloses and claims, generally, methods for gathering data relating to online content from the owner of the content, and creating and storing digital labels for such data in a searchable database. As recited in claim 55 of the `665 Patent, the invention relates in one respect to a method for multi-parameter digital labeling of Internet content comprising the steps of: (i) gathering unambiguous, multi-parameter qualitative data concerning the content and the contents' owner or creator; (ii) sourcing, from the owner or creator of the content, each item of qualitative data; (iii) producing a plurality of digital labels for each element of the content, wherein each digital label represents and comprises a unique reference to a specific item of qualitative information, and further comprises encoding of qualitative data in digital form; (iv) storing the digital labels on a computer or network; (v) manipulation of digital labels by generating content that matches parameters stipulated by

an entity conducting a search; and (vi) making available the effective use of these multi-parameter digital labels and the means for their manipulation, to the general public through the Internet.

**Answer to Complaint No. 20:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore denies them.

**Complaint No. 21:** Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '665 Patent, including but not limited to claims 1 and 55, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, the Accused Websites each operate on a networked computer system, including but not limited to web servers located in or near Newark, New Jersey. On information and belief, each Accused Website gathers data relating to online content from the owner of the content, including but not limited to individual subscribers, and creates and stores digital labels for such data in a searchable database.

**Answer to Complaint No. 21:** Denied.

**Complaint No. 22:** The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**Answer to Complaint No. 22:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,065,333

**Complaint No. 23:** As set forth fully in Exhibit D, the '333 Patent discloses and claims, generally methods for creating and encoding data about a website, and compiling such data in a searchable database. As recited in claim 1 of the '333 Patent, the invention relates in one respect to a method for labeling online records comprising the steps of: (i) creating and encoding data on the searchable content of a records according to an agreed convention, so as to produce a plurality of labels for each record, with each label representing a particular item of data; (ii) incorporating the created labels in a file resident on the record; (iii) copying and storing the labels on a search engine's own computer; (iv) providing the right of access to the search engine's or Host Website's computer through the Internet for purposes of editing the records; and (v) facilitating searches and record retrievals based on the labels, by a plurality of authorized parties each with defined and limited scope or nature of access, for said websites or records.

**Answer to Complaint No. 23:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

**Complaint No. 24:** Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '333 Patent, including but not limited to claim 1, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from

Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Newark, New Jersey. On information and belief, the Accused Websites encodes data about individual subscribers (records) in the form of labels, and provides search and edit functionality for those labels.

**Answer to Complaint No. 24:** Denied.

**Complaint No. 25:** The creation and management of digital label database(s) is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**Answer to Complaint No. 25:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

## INFRINGEMENT OF
## UNITED STATES PATENT NO. 8,296,325

**Complaint No. 26:** As set forth fully in Exhibit E, the '325 Patent discloses and claims, generally, methods for creating and encoding personal preference digital labels, and using such labels to limit the scope of searches and availability of data. As recited in claim 7 of the '325 Patent, the invention relates in one respect to a method for labeling websites comprising the steps of: (i) encoding personal preference digital labels wherein the said digital labels denote the nature of the content of a website, and are encoded within or on the same computer system as the website or internet posting; (ii) conforming the encoding to a convention promulgated by an internet search engine or internet

browser program or service; (iii) at least one of scanning, reading and recording the labels referent to a website by the internet search engine or internet browser program; (iv) at least one of including and excluding a website or internet posting from search results; and (v) at least one of allowing and disallowing that website or internet posting to be accessed or to be displayed.

**Answer to Complaint No. 26:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

**Complaint No. 27:** Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '325 Patent, including but not limited to claim 7, in this judicial district or otherwise within the United States by making, using, selling and/or offering for sale, without authority from Emmanuel C. Gonzalez, at least the following: source code, hardware, and/or software operating together to provide the interface, functionality, and databases comprising the Accused Websites. More particularly, each of the Accused Websites operate on a networked computer system, including but not limited to web servers located in or near Newark, New Jersey. On information and belief, the Accused Websites encodes personal preference labels and limits accessibility of information based upon such labels.

**Answer to Complaint No. 27:** Denied.

**Complaint No. 28:** The creation and management of personal preference labels is core to the functionality and appeal of each Accused Website and, as such, attributes substantially to the overall sustainability, appeal, and value of each Accused Website.

**Answer to Complaint No. 28:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and therefore denies them.

## WILLFULNESS

**Complaint No. 29:** Prior to filing the instant lawsuit for infringement, Plaintiff communicated directly with Defendant and/or one of Defendant's affiliates concerning the Gonzalez Patents. Defendants therefore had actual knowledge of the Gonzalez Patents no later than August 6, 2014.

**Answer to Complaint No. 29:** Denied.

**Complaint No. 30:** Notwithstanding Defendant's knowledge of the Gonzalez Patents, Defendant elected to continue to provide the Accused Websites and thereby willfully infringe upon the patent rights of Plaintiff.

**Answer to Complaint No. 30:** Denied.

## JURY DEMAND

**Complaint No. 31:** Emmanuel C. Gonzalez demands a trial by jury on all issues.

**Answer to Complaint No. 31:** Elite admits that Plaintiff purports to demand a jury trial.

## CONCLUSION AND PRAYER FOR RELIEF

**Complaint No. 32:** Emmanuel C. Gonzalez is in compliance with 35 U.S.C. § 287.

**Answer to Complaint No. 32:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint, and therefore denies them.

**Complaint No. 33**: Since becoming aware of the Gonzalez Patents, and to the extent Defendant thereafter has maintained or otherwise maintains the operations and activities complained of herein, Defendant has been, or will be in the future, willfully infringing upon the claims of the Gonzalez Patents.

**Answer to Complaint No. 33**: Denied.

**Complaint No. 34**: To the extent any of the activities complaint of herein do not literally infringe upon one of more asserted claims of the Gonzalez Patents, such limitations are present in the Accused Websites under the Doctrine of Equivalents.

**Answer to Complaint No. 34**: Denied.

**Complaint No. 35:** Defendant's actions as complained of herein have caused, and continue to cause, injury and monetary damages to Emmanuel C. Gonzalez. As such, Emmanuel C. Gonzalez is entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty.

**Answer to Complaint No. 35:** Elite is without knowledge or information sufficient to form a belief as to the truth of the allegations of injury and monetary damages set forth in paragraph 35 of the Complaint, and therefore denies them. Elite denies that Plaintiff is entitled to any relief

Elite denies that Plaintiff is entitled to any relief requested in its Prayer for Relief or any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**(Invalidity)**

Upon information and belief, the '807, '339,'665, '333, and '325 Patents are invalid, void, and unenforceable because they fail to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

**Third Affirmative Defense**
**(Non-Infringement)**

Elite has not and does not infringe the '807, '339,'665, '333, and '325 Patents, either directly or indirectly, literally, or under the doctrine of equivalents.

**Fourth Affirmative Defense**
**(35 U.S.C. § 286)**

Plaintiff's recovery for alleged infringement of the '807, '339,'665, '333, and '325 Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

**Fifth Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those alleged damages occurring only after the notice of infringement.

**Sixth Affirmative Defense**
**(No Willfulness)**

Plaintiff fails to state a claim for willful infringement as a matter of law.

**Seventh Affirmative Defense**
**(Reservation of Additional Defenses)**

Elite reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and

equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling Elite to an award of its costs, expenses, and reasonable attorney fees incurred in the present action pursuant to 35 U.S.C. § 285, because, among other reasons, Plaintiff knew or should have known that Elite does not infringe any valid claim of any of the Patents-in-Suit and/or that the claims of the Patents-in-Suit are invalid. Continuing its infringement accusations under these circumstances amounts to unjustified and vexatious litigation compelling an award of exceptional case fees.

## JURY DEMAND

Elite demands a trial by jury on all issues triable by right of jury, whether raised by the Plaintiff's Complaint, or by any other claims or defenses asserted for trial in the present action.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Elite prays for relief as follows:

(a) Dismissing Plaintiff's Complaint with prejudice and ordering that Plaintiff is entitled to no recovery on the Complaint;

(b) For an entry of judgment that each of the asserted claims of the '807, '339,'665, '333, and '325 Patents are invalid, void, and without force and effect;

(c) For an entry of judgment that Elite has not infringed and does not infringe any of the claims of the '807, '339,'665, '333, and '325 Patents;

(d) Ordering that this is an exceptional case pursuant to 35 U.S.C. § 285, and awarding Elite its attorneys' fees and full costs of suit along with permissible interest; and

(e) Awarding Elite such other and further relief as this Court deems just and appropriate.

Dated:  January 20, 2015                                  Respectfully submitted,

*/s/ Andrew W. Stinson*
Andrew W. Stinson
Texas Bar No. 24028013
RAMEY & FLOCK, P.C.
100 East Ferguson, Suite 500
Tyler, Texas 75702
903-597-3301 (telephone)
903-597-2413 (fax)
astinson@rameyflock.com

Jason A. Fischer
BRYN & ASSOCIATES, P.A.
One Biscayne Tower, Suite 2680
Two South Biscayne Boulevard
Miami, Florida 33131
305-374-0501 (telephone)
305-372-8068 (fax)
jason@markbryn.com

ATTORNEYS FOR DEFENDANT
ELITE MARKETING SOLUTIONS, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 20, 2015 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>	*/s/ Andrew W. Stinson*
>	Andrew W. Stinson