# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § § § | |
| Plaintiff, | § § | Case No. 2:14-cv-00906-JRG-RSP<br>Lead Case |
| v. | § § | |
| TAGGED, INC., | § § § | Case No. 2:14-cv-00993-JRG-RSP<br>Member Case |
| Defendant. | § § | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Tagged, Inc.'s Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 32.) Tagged asserts that this case should be transferred to the Northern District of California. Plaintiff Emmanuel C. Gonzalez opposes the transfer. After considering all the evidence and weighing the factors the Court finds that Tagged has shown that transfer is warranted.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re*

*Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009).

The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt.

No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

**A.   Proper Venue**

The Parties do not dispute that the Eastern District of Texas and the Northern District of California are proper venues.

**B.   Private Interest Factors**

   **1.   Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Tagged claims that the sources of proof are more accessible from San Francisco, California because the "allegedly infringing websites in this case were designed and developed in San Francisco, California." Dkt. No. 32-2 ¶ 5. Tagged claims that "[a]ll of [its] potentially relevant documents are in [its] San Francisco, California office or stored on servers that are controlled from San Francisco, California." Dkt. No. 32-2 ¶ 7.

Gonzalez claims that "Tagged [has] fail[ed] to demonstrate that the expected sources of proof in this case are clearly more accessible in San Francisco, California. The vast majority of proof in this case will involve electronically produced documents and source code – not physical evidence." Dkt. No. 60 at 5. He claims that if "physical documents are responsive and relevant, they will be reduced to electronic format for production during discovery." Dkt. No. 60 at 5.

The Court finds that this factor weighs in favor of transfer. In *Volkswagen II* the Fifth Circuit held that although "access to some sources of proof present a lesser inconvenience now

than it might have absent recent developments" it "does not render [the ease of access to proof] factor superfluous." *In re Volkswagen II*, 545 F.3d at 316.

### 2. Cost of Attendance for Willing Witnesses

Tagged claims "[a]ll of [its] likely witnesses work in San Francisco, California," Dkt. No. 32 at 3, and that "[a] trial in the Northern District of California would allow Tagged's employees to continue working during trial, which would virtually eliminate the time and expense of travel." Dkt. No. 32 at 3. Tagged also claims that "NDCA would be more convenient for non-party witnesses" because a prosecuting attorney lives near San Francisco, "most of the prior art identified by Tagged is located within NDCA," and of Gonzalez's "list of more than 50 potentially relevant prior-art patents and patent applications, none of [the inventors or assignees] are located in Texas, while almost half of them are located in California." Dkt. No. 62 at 2.

Gonzalez claims that "certain known third parties to this litigation are generally closer to Marshall than to San Francisco, and the cost for such witnesses to attend trial in Marshall is less than the cost of attendance in San Francisco." Dkt. No. 60 at 8-9. For example, Gonzalez states that potential prior art witnesses may come from Amazon and Microsoft in Seattle, Washington, Craigslist in San Francisco, eBay in San Jose, California, Online Computer Library Center in Dublin, Ohio, and from around the country where the inventors and assignees of prior art are located. Dkt. No. 60 at 6; Dkt. No. 60-1 ¶ 5.

Gonzalez claims that Tagged has also identified third-parties that provide advertising services for its accused product. Those third-parties are "(i) AOL (headquartered in New York, New York); (ii) LiveIntent (headquartered in New York, New York); (iii) Millennial Media (headquartered in Baltimore, Maryland); (iv) several foreign-based entities (location is not a factor); and (v) several California based entities." Dkt. No. 60 at 7.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech*, 566 F.3d at 1342. While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012).

"A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

The Court finds this factor weighs slightly in favor of transfer. Tagged has shown that the Northern District of California would be more convenient for some third-party witnesses but Gonzalez has shown that the Eastern District of Texas is more convenient for the remaining third-party witnesses. The Court finds that this factor favors transfer because none of Gonzalez's witnesses are located in Texas. Dkt. No. 60-1 ¶ 5 (naming forty-nine potential witnesses); Dkt. No. 60 at 6 (naming five entities with potential witnesses).

   3.   **Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45 provides that this Court may command a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if that person "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). This Court also may command a person to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.*

(c)(1)(A), (d)(3)(a). Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.

Tagged argues that the Northern District of California has subpoena power over "prior-art witnesses, and prosecuting attorneys, that are located within NDCA" and that "[t]here are no known witnesses in EDTX." Dkt. No. 62 at 3. Gonzalez claims that "Tagged fails to identify any perceived inconvenience or prejudice resulting from the use of third party deposition testimony at trial, or to even suggest that it would be required to do so when this case properly remains in Marshall." Dkt. No. 60 at 8.

The Court finds that this factor is neutral as to transfer. Tagged has identified several third-party witnesses in California. Gonzalez has identified one third-party witness in Texas and several third parties in Washington and on the East Coast. Neither this District nor the Northern District of California has subpoena power over witnesses in Washington or on the East Coast.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that this factor weighs against transfer. Tagged received summons on November 3, 2014. Dkt. No. 6 (2:15-cv-993). Two months later, after two extensions of time, Tagged filed an Answer objecting to venue. Dkt. No. 9. Tagged delayed another month before filing this motion.

The Court recognizes that two more factors weigh against transfer. First, another case, where venue is not an issue, is before the Court and involves the same patents. *See Gonzalez v. New Life Ventures*, 2:14-cv-907-JRG-RSP. Second, Tagged filed a motion to stay pending institution of Covered Business Method Review just one week before it filed this motion to transfer venue to California. Transferring this case would delay resolution of that motion.

C.  **Public Interest Factors**

   1.  **Administrative Difficulties Flowing From Court Congestion**

The Eastern District of Texas and Northern District of California have similar average times to trial. The Court finds this factor is neutral as to transfer.

   2.  **Local Interest in Having Localized Interests Decided at Home**

Tagged claims that it "is located in San Francisco, California, and its website is developed and updated there." Gonzalez claims that "[a]s stated by Tagged in its Interrogatory Responses nearly 600,000 of its registered users are located in the State of Texas." The Court finds this factor is neutral as to transfer because Texas residents comprise nearly nine percent of Tagged's user base. *Cf. In re TS Tech.*, 551 F.3d at 1321 (holding no substantial interest when only a few infringing products are sold in this District).

   3.  **Familiarity of the Forum With the Law that Will Govern the Case; Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Parties agree these factors are neutral. Dkt. No. 32 at 5; Dkt. No. 60 at 11.

**CONCLUSION**

A motion to transfer venue should only be granted upon a showing that one venue is "clearly more convenient" than another. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). Considering the evidence as a whole, the Court finds that this case should be transferred to the Northern District of California. Tagged's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 32) is **GRANTED**. Accordingly, it is **ORDERED** that this case be transferred to the United States District Court for the Northern District of California.

**SIGNED this 22nd day of September, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE