**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **EMMANUEL C. GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 2:14-cv-0906** |
| **v.** | § | **Consolidated Lead Case** |
| | § | |
| **INFOSTREAM GROUP, INC.,** | § | **JURY DEMAND** |
| | § | |
| **Defendant.** | § | |

_____

| | | |
|---|---|---|
| **NEW LIFE VENTURES, INC.** | § | **Case No. 2:14-cv-0907** |

_____


**<u>PLAINTIFF'S MOTIONS *IN LIMINE*</u>**

# TABLE OF CONTENTS

**Page**

Motion in limine no. 1: to exclude evidence and argument of any ground of invalidity not disclosed in defendant's invalidity contentions. ............................................................................1

Motion in limine no. 2: to exclude testimony and argument regarding the level of ordinary skill in the art different from the level adopted by the court at claim construction. .......................3

Motion in limine no. 3: to exclude expert testimony or argument on topics that NLV provided no expert report. ...............................................................................................................3

Motion in limine no. 4: to exclude evidence and argument of witnesses not designated as experts, and who have not made requisite disclosures and reports of expert opinion, from testifying on matters other than non-expert fact matters within their actual knowledge. ....................................5

Motion in limine no. 5: to exclude evidence and argument regarding NLV's defenses solely for the court to determine, including specifically subject matter eligibility. .......................7

Motion in limine no. 6: to exclude examination and testimony of experts beyond the scope of their submitted expert report. ......................................................................................8

Motion in limine no. 7: to exclude evidence, reference, and/or argument raising any claim construction issues or otherwise undermines the Court's claim constructions.............................9

Motion in limine no. 8: to exclude reference, evidence, or argument in relation to the financial arrangement established between Gonzalez and his counsel and regarding the cost of litigation. ...........................................................................................................10

Motion in limine no. 9: to exclude reference, evidence, and/or argument suggesting that Gonzalez is a "patent troll" (or the like) or discussing whether Gonzalez himself practices the invention. ............................................................................................................................10

Motion in limine no. 10: to exclude reference, evidence, and/or argument suggesting that the PTO did not evaluate the Gonzalez Patents properly or sufficiently...........................................11

Motion in limine no. 11: to exclude reference, evidence, and/or argument discussing Gonzalez's decision to dismiss, abandon, or drop any claims during this or any action...............12

Motion in limine no. 12: to exclude reference, evidence, and/or argument by NLV suggesting Gonzalez's nationality which diminishes his rights or standing in any way. .............13

Motion in limine no. 13: to exclude any reference, evidence, and/or argument to discussions of the parties' settlement negotiations. ......................................................................13

Motion in limine no. 14: to exclude evidence, reference, and/or argument by NLV comparing the accused website to any prior art...........................................................................13

Motion in limine no. 15: to exclude reference, evidence, and/or argument by NLV suggesting non-accused websites do not infringe. ......................................................................14

Motion in limine no. 16: to exclude reference, evidence, and/or argument by NLV concerning inequitable conduct on the part of Gonzalez or his attorneys. ....................................14

Motion in limine no. 17: to exclude references or argument by NLV discussing any
Gonzalez defendants or Gonzalez's litigation strategy.................................................................15

Motion in limine no. 18: to exclude reference or argument by NLV comparing
settlement amounts to costs of defense .......................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Applied Materials., Inc. v. Advanced Semiconductor Materials Am., Inc.*,
　1995 U.S. Dist. LEXIS 22335, at *11 (N.D. Cal. Apr. 25, 1995) ...........................................12

*Atmel Corp. v. Info. Storage Devices, Inc.*,
　1998 WL 775115 at *2-3 (N.D. Cal. Nov. 5, 1998) ................................................................2

*AVM Techs., LLC v. Intel Corp.*,
　927 F. Supp. 2d 139, 146 (D. Del. 2013).................................................................................6

*CardSoft, Inc. v. Verifone Sys., Inc.*,
　2:08-cv-98 (Dkt. 376 at 2) ....................................................................................................10

*Dahlberg v. MCT Transp., LLC*,
　571 Fed. Appx. 641, 648 (10th Cir. 2014).............................................................................4

*EZ Dock, Inc. v. Shafer Sys. Inc.*,
　2003 U.S. Dist. LEXIS 3634, at *37 (D. Minn. Mar. 8, 2003)..............................................12

*Fractus, S.A. v. Samsung Elecs. Co.*,
　6:09-cv-203 (Dkt. 899 at 2) ..................................................................................................12

*Fractus, S.A. v. Samsung Elecs. Co., Ltd.*,
　6:09-cv-203 (Dkt. No. 899 at 1)............................................................................................12

*Genband US LLC v. Metaswitch Networks Corp.*,
　No. 2:14-cv-33-JRG-RSP (E.D. Tex. January 8, 2016) (Payne, J.)..........................................8

*Genband v. Metaswitch Networks*,
　2:14-cv-033 (Dkt. 370 at 8) ..................................................................................................14

*Innogenetics, N.V. v. Abbott Labs.*,
　512 F.3d 1363, 1376 n.4 (Fed. Cir. 2008)................................................................................5

*L.C. Eldridge Sales Co., Ltd., et al. v. Azen Manufacturing Pte., Ltd., et al.*,
　No. 6:11-cv-599, 2013 WL 7937026, at *2-5 (E.D. Tex. Oct. 11, 2013)..............................2, 3

*Lucent Technologies, Inc. v. Gateway, Inc.*,
　509 F. Supp. 2d 912, 933 (S.D. Cal. 2007)..............................................................................6

*Mass Engineered Design v. Ergotron*,
　2:06-cv-272 (Dkt. 613 at 2) ..................................................................................................12

*Mobile Telecom. v. Sprint*,
　2:12-cv-0832 (Dkt. 372 at 2) ................................................................................................13

*Mobilemedia Ideas LLC v. HTC Corp.*,
  2:10-cv-112 (Dkt. 377 at 3-4) ..........................................................................11

*nCube Corp. v. SeaChange Int'l, Inc.*,
  809 F. Supp. 2d 337, 347 (D. Del. 2011)..........................................................8

*Novo Nordisk A/S v. Becton Discinson & Co.*,
  304 F.3d 1216, 1220 (Fed. Cir. 2002)..............................................................12

*Owen v. Kerr-McGee Corp.*,
  698 F.2d 236, 240 (5th Cir. 1985) ......................................................................7

*Pandrol USA, LP v. Airboss Ry. Prods., Inc.*,
  424 F.3d 1161, 1167 (Fed. Cir. 2005)................................................................5

*Rembrandt Wireless v. Samsung Elec.*,
  2:13-cv-0213 (Dkt. 248 at 5) ............................................................................10

*Rembrandt Wireless v. Samsung Elec.*,
  2:13-cv-0213 (Dkt. No. 248 at 304)..................................................................12

*SimpleAir v. Google*,
  2:14-cv-0011 (Dkt. 325) ....................................................................................14

*SSL Services, LLC v. Citrix Systems, Inc.*,
  2:08-cv-158 (Dkt. 219 at 3) ..............................................................................11

*Superior Fireplace Co. v. Majestic Prods. Co.*,
  270 F.3d 1358, 1367 n.1 (Fed. Cir. 2001)........................................................12

*Tex. Peace Officers v. City of Dallas*,
  58 F.3d 635 (5th Cir. 1995) ................................................................................7

*Veritas Operating Corp. v. Microsoft Corp.*,
  2:06-cv-00703, 2008 WL 657936, at *33 (W.D. Wash. Jan. 17, 2008) ..................6

*Zenith Elecs. Corp. v. PDI Comm. Sys.*,
  522 F.3d 1348, 1363 (Fed. Cir. 2008)..............................................................13

**STATUTES**

35 U.S.C. § 101..............................................................................................7, 8

35 U.S.C. § 282................................................................................................12

**OTHER AUTHORITIES**

E.D. Tex. Apr. 24, 2013....................................................................................11

E.D. Tex. Apr. 29, 2011 ...................................................................................................12

E.D. Tex. Apr. 7, 2011 .....................................................................................................12

E.D. Tex. Jan. 31, 2015 ..............................................................................................10, 12

E.D. Tex. Jun. 4, 2012 .....................................................................................................10

E.D. Tex. Nov. 5, 2014 ....................................................................................................13

E.D. Tex. Oct. 20, 2008 ...................................................................................................12

E.D. Tex. Oct. 6, 2015 .....................................................................................................14

F.R.E. 403 ................................................................................................7, 10, 11, 14

Federal Rule of Civil Procedure 26(a)(2)(A) ....................................................................4

Federal Rule of Evidence 702, 703 ...................................................................................4

FRE 401-403 ............................................................................................... passim

FRE 402 ......................................................................................................11, 14

FRE 402, 403, and 602 .....................................................................................................12

FRE 408 ............................................................................................................................13

FRE 701 ..............................................................................................................................7

FRE 701(c) ..........................................................................................................................7

FRE 702(c) ..........................................................................................................................5

Rule 26 ................................................................................................................................5

Rule 26(a)(2) ......................................................................................................................4

Rule 26(a)(2)(B) .............................................................................................................4, 9

Rule 702 ..............................................................................................................................5

Plaintiff Emmanuel C. Gonzalez ("Plaintiff" or "Gonzalez") moves to preclude defendant New Life Ventures, Inc. ("Defendant" or "NLV") from presenting improper evidence and argument at trial, so that trial properly encompasses only relevant, non-prejudicial and properly and timely disclosed evidence and argument, as follows and as further supported by the accompanying exhibits.

**Motion in limine no. 1: to exclude evidence and argument of any ground of invalidity not disclosed in defendant's invalidity contentions.**

NLV may not be permitted to introduce evidence or argument regarding any ground of invalidity not disclosed in their invalidity contentions, including any evidence or argument regarding the HTML 4.01 specification, meta-tags, and library catalog cards.  As the Court is well aware, a party must both disclose and produce prior art references under P.R. 3-3 and 3-4. Under the Court's docket control order, the deadline to serve invalidity contentions and produced accompanying documents was April 13, 2015.

The above prior art references were never disclosed in NLV's invalidity contentions served on April 13, 2015.[1]  Since that time, NLV has never moved to amend its invalidity contentions to add the HTML 4.01 specification, meta-tags, or library card catalog references. Nor were any of those references disclosed in any of NLV's discovery disclosures, including its initial disclosures, its initial and subsequent amendments to its interrogatory responses, and its document production. Yet, meta-tags were referenced in certain ones of the references that the invalidity contentions did disclose, and library card catalogs were known at least to counsel for Tagged at the time the invalidity contentions were served. NLV's election to simply adopt the invalidity contentions filed by Tagged does not diminish the availability of meta-tags and library

---

[1] Defendant Tagged, Inc. served its invalidity contentions on Gonzalez on April 13, 2015, on behalf of Tagged alone, and NLV did not separately serve invalidity contentions.  Counsel for NLV sent an email to Plaintiff's counsel on April 30, 2015, confirming that it "adopts the invalidity disclosures made by Tagged under P.R. 3-3 and 3-4."

card catalog references early in the case, and NLV has provided no explanation for their failure to timely disclose the references under the patent rules.

Notwithstanding the failure to disclose any of the above references with its invalidity contentions or as part of any other prior discovery, NLV included the HTML 4.01 specification, meta-tags, and library card catalog references as theories of invalidity regarding the Gonzalez Patents in its invalidity expert report.  NLV's expert report served on November 18, 2015 was the first instance that NLV introduced invalidity theories based upon each of those prior art references.

Allowing NLV to introduce evidence or argument regarding invalidity theories not disclosed in their invalidity contentions defeats the purpose of having patent local rules, which "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115 at *2-3 (N.D. Cal. Nov. 5, 1998).  Furthermore, this Court has rejected attempts by defendants to inject new invalidity theories and prior art references in a nearly identical situation.  *See L.C. Eldridge Sales Co., Ltd., et al. v. Azen Manufacturing Pte., Ltd., et al.*, No. 6:11-cv-599, 2013 WL 7937026, at *2-5 (E.D. Tex. Oct. 11, 2013) (Schneider J.) (denying Defendants' motions for leave to amend invalidity contentions and granting Plaintiff's motion to strike portions of Defendants' expert report that rely on untimely disclosed prior art references and combinations).

In similar vein to the *Eldridge Sales* matter, NLV's attempt to inject new references into the case at this late juncture and without leave of court heavily prejudices Gonzalez.  NLV has provided no explanation for why it could not have disclosed these prior art references with its invalidity contentions or alternatively sought to amend its contentions much sooner, particularly

given that at least meta-tags and library card catalogs were already known at the time the invalidity contentions were served.

With the late hour that the references were first disclosed (even in absence of the Court's rescheduled trial date), the failure of any reasonable explanation, and prejudice to Gonzalez, NLV should not be allowed to introduce evidence or argument based thereon at trial.

**Motion in limine no. 2: to exclude testimony and argument regarding the level of ordinary skill in the art different from the level adopted by the court at claim construction.**

NLV may not be permitted to introduce testimony or argument regarding a level of ordinary skill in the art different from the level of skill adopted by the Court in its Claim Construction Order. (Dkt. 109 at 9). NLV did not oppose Gonzalez's submission regarding the appropriate level of skill in the art during claim construction briefing, as noted in the Court's Order. Id. Thus, the Court adopted Gonzalez's proposal for the appropriate level of skill in the art. Further, NLV filed an objection to the Court's Order on October 5, 2015, where it objected to several of the Court's constructions. (Dkt. 112). Notably, NLV failed to object to the Court's adoption of the appropriate level of skill in the art.

To the extent that NLV attempts to solicit testimony or argue that the level of ordinary skill in the art is different from the level already adopted by the Court, NLV should be precluded from doing so.

**Motion in limine no. 3: to exclude expert testimony or argument on topics that NLV provided no expert report.**

NLV's experts should be precluded from introducing evidence, testimony, or argument on topics for which NLV did not provide expert reports. Here, NLV has provided no rebuttal damages expert report. And with respect to NLV's rebuttal "infringement" report, NLV's expert provides no opinion as to why NLV does or does not infringe the Gonzalez Patents. Instead, Mr.

Manheim's rebuttal report simply regurgitates his opinions from his invalidity expert report.[2] His purported rebuttal regarding infringement can hardly be characterized as such.

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  Rule 26(a)(2)(B), in turn, generally requires that this disclosure be accompanied by a written report containing:

> (i)     a **_complete_** statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii)    the data or other information considered by the witness in forming them;
>
> ….

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The purpose of Rule 26(a)(2) is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, any pretrial motions and trial.  *Dahlberg v. MCT Transp., LLC*, 571 Fed. Appx. 641, 648 (10th Cir. 2014).

It is indisputable that NLV never disclosed any expert on the issue of damages.  And while NLV disclosed Mr. Manheim as an expert on the issue of infringement, NLV's rebuttal infringement report contains no analysis or opinion directed to that issue and falls well short of the requirements in Rule 26(a)(2)(B).  Because NLV has offered no expert opinion on the issues of infringement and damages, Gonzalez was unable to depose and cross-examine NLV's expert on statements that do not exist.  As such NLV should not be rewarded for its own decision to forego the benefits of providing an expert report under the rules and ambush Gonzalez with "expert" opinion during trial on those issues.

---

[2] The inappropriate nature of NLV's rebuttal infringement report is addressed further in Gonzalez's briefing for its Motion to Strike.  *See* Dkt Nos. 118 & 127.

As NLV has deliberately chosen to not offer any expert opinion or report on the issues of infringement and damages, it should be precluded from allowing its experts to present testimony or argument on these topics to the jury.  *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 n.4 (Fed. Cir. 2008) ("Conclusory expert reports, eleventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery, and the obligations lawyers have to the court.  Exclusion and forfeiture are appropriate consequences to avoid repeated occurrences of such manipulation of the litigation process.").

**Motion in limine no. 4: to exclude evidence and argument of witnesses not designated as experts, and who have not made requisite disclosures and reports of expert opinion, from testifying on matters other than non-expert fact matters within their actual knowledge.**

NLV may not properly call or examine percipient witnesses not identified and offered as experts regarding expert issues. NLV may not properly elicit expert testimony from any witness not timely and properly designated as an expert witness in this case, and/or who has not submitted requisite expert report, and/or does not have the requisite foundation from offering testimony as to facts not within his personal knowledge.  *See* FRE 702(c) ("[Lay witness] testimony … limited to one that is … (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.").

For example, NLV may not question Mr. Steven Pasternack, president of NLV, who is offered only as a percipient witness to describe any bases he may have regarding issues of infringement and validity of the Gonzalez Patents.  While Mr. Pasternack may properly provide testimony regarding his personal knowledge of the NLV websites, he may not provide testimony or argument as to the ultimate legal issues of patent infringement, validity, and damages, which are squarely within the realm of expert opinion  *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 424 F.3d 1161, 1167 (Fed. Cir. 2005) (Upholding district court's decision to reject an inventor's

testimony on "claim construction and interpretation of the original [patent] application," which constituted "expert opinion."); *Lucent Technologies, Inc. v. Gateway, Inc.*, 509 F. Supp. 2d 912, 933 (S.D. Cal. 2007) (court holding that the inventor was not designated as an expert witness and thus could not offer opinions as to invalidity); *Veritas Operating Corp. v. Microsoft Corp.*, 2:06-cv-00703, 2008 WL 657936, at *33 (W.D. Wash. Jan. 17, 2008) (court rejected plaintiff's argument that its lay witness employee could testify regarding monetary damages because such testimony was not properly disclosed during discovery, the witness was not qualified to testify as an expert, and a lay witness may not offer an opinion on ultimate patent damages, including evidence of a reasonable royalty); *AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 146 (D. Del. 2013) (barring lay witness testimony "as to what would have happened in a hypothetical negotiation" as it "would not be based on his personal knowledge.").

NLV has not designated Mr. Pasternak as an expert, and accordingly, was not asked to perform, nor has he performed the work or analyses required to offer expert testimony, including as to infringement, validity, and damages, nor has he submitted any expert report. He has not analyzed the Court's claim construction or the patent-in-suit from the standpoint of a person of ordinary skill in the art. He has not evaluate whether any accused instrumentality or asserted prior art falls within the scope of the Court's construction of the claims of the patent-in-suit.  Nor has he performed any expert analysis with regard to Gonzalez's damages expert report.  In short, Mr. Pasternak's background provides no basis for any opinion regarding infringement, validity or damages, and NLV has not provided any other evidence or explanation as to why he would be so qualified.

As Mr. Pasternack was not designated as an expert and did not do the work to testify as an expert, any such questioning or testimony relating to his opinion on the issues of infringement

and validity of the Gonzalez Patents as well as on the issue of damages will be unhelpful and prejudicial. Further, allowing such testimony would simply circumvent the requirements of FRE 701(c) and inject impermissible expert testimony. This is exactly the type of risk that FRE 701(c) was meant to eliminate regarding the attempts to "proffer[] an expert in lay witness clothing." FRE 701 – 2000 Notes of Advisory Committee, ¶ 1. It would be confusing to the jury and prejudicial to Gonzalez if NLV was permitted to inject into the trial on-the-fly examination of witnesses not designated as experts on expert matters. *See, e.g.*, F.R.E. 403.

As such Gonzalez requests that the Court grant this motion, and order that NLV may not properly call or examine percipient witnesses not identified and offered as experts regarding expert issues. NLV may not properly elicit expert testimony from any witness not timely and properly designated as an expert witness in this case, and/or who has not submitted requisite expert report, and/or does not have the requisite foundation from offering testimony as to facts not within his personal knowledge.

**Motion in limine no. 5: to exclude evidence and argument regarding NLV's defenses solely for the court to determine, including specifically subject matter eligibility.**

NLV should be precluded from offering witness testimony or argument respect to its defenses that are solely for the Court to determine. For instance, in his report, NLV expert Mr. Manheim purports to offer opinion and analysis of the Gonzalez Patents with respect to patent eligible subject matter under 35 U.S.C. § 101. As stated in Gonzalez's briefing in its *Daubert* motion to strike NLV's invalidity expert report, Mr. Manheim's opinions regarding patentable subject matter amount to impermissible legal conclusions. It is well established that "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1985); *see also Tex. Peace Officers v. City of Dallas*, 58 F.3d 635 (5th Cir. 1995).

As "the ultimate question of patent eligibility under § 101 is an issue of law," *BRCA1- & BRAC2-Based Hereitai Cancer Test Patent Litig. v. Ambry Genetics Corp.*, it is not an issue that will be tried to the jury; rather, the issue will be handled by the Court.  774 F.3d 755, 759 (Fed. Cir. 2014).  Accordingly, Mr. Manheim's opinions and testimony on the issue are neither helpful nor admissible.  *Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, (E.D. Tex. January 8, 2016) (Order on Motion to Strike) (Payne, J.) (finding an expert's opinions on the issue of patentable subject matter under § 101 to be not helpful and inadmissible).

And to the extent that expert opinion regarding patentable subject matter is unhelpful and inadmissible, so too is any lay witness testimony on the issue.  Therefore, NLV should be precluded from offering any evidence or argument with respect to the patentable nature of the Gonzalez Patents under § 101.

**Motion in limine no. 6: to exclude examination and testimony of experts beyond the scope of their submitted expert report.**

The parties should be limited to examination and cross-examination of experts within the scope of their submitted report.  For instance, Gonzalez anticipates that NLV will attempt to examine Gonzalez's infringement expert, Dr. Ryan Garlick, regarding NLV's invalidity theories related to the eBay website, meta-tags, and library card catalogs.  Dr. Garlick's infringement expert report addresses none of those references because, simply put, it is an infringement analysis directed specifically to the SugarDaddie.com website.  Any questions regarding those references are inappropriate for Dr. Garlick.  Rather, Dr. Daniel Engel's, Gonzalez's validity expert is the appropriate witness to direct those questions as he directly addresses and rebuts the applicability of the references in his rebuttal report.

The testimony of expert witnesses is limited to the information contained in their expert reports.  *See nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011)

8

(citing *Honeywell Intern., Inc. v. Universal Avionics Sys. Corp.*, 289 F. Supp. 2d 493, 500 (D. Del. 2003) (excluding testimony about doctrine of equivalents because not contained in expert report)).  This is consistent with the requirement in Rule 26(a)(2)(B) that an expert witness's report contain "a *complete* statement of all opinions the witness will express and the basis and reasons for them ...."  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

And while courts do not require "verbatim consistency with the report, but ... allow [ ] testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report," *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, this leeway is inapplicable where an expert simply has not performed a given analysis to render an opinion, much less provide testimony.  585 F. Supp. 2d 568, 581 (D. Del. 2008).

Beyond caselaw support, it simply makes little sense as to why an expert that submitted a report on patent infringement would be examined or crossed with questions related to patent damages or why a patent damages expert would similarly be examined or crossed with questions regarding invalidity.  As such, Gonzalez requests that the parties excluded from examination, and experts be excluded from testifying as to topics outside the scope of their submitted expert report(s).

**Motion in limine no. 7: to exclude evidence, reference, and/or argument raising any claim construction issues or otherwise undermines the Court's claim constructions.**

The parties should be precluded from offering any argument, testimony, evidence, reference, or suggestion that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the Court's claim constructions, including, for example, presenting arguments or opinions inconsistent with the Court's claim constructions, presenting arguments or opinions that have been rejected by the Court during claim construction (*e.g., that*

claims are indefinite), or presenting argument or testimony relating to the basis of the Court's constructions.

In its Claim Construction Order (Dkt. 109), this Court considered NLV's arguments as to the alleged indefiniteness of many of the terms and claims at issue in this case. The Court rejected all of those arguments, and found none of the claims to be indefinite. Accordingly, NLV should be precluded from arguing that any claim is indefinite, and should likewise be precluded from making any arguments that are inconsistent with the Court's claim construction, or from making any arguments that suggest the basis for any construction, as such arguments would lead to jury confusion. FRE 403.

**Motion in limine no. 8: to exclude reference, evidence, or argument in relation to the financial arrangement established between Gonzalez and his counsel and regarding the cost of litigation. [AGREED]**

The parties agree to be precluded from making or offering any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding contingent fees, fees incurred by either party, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this case. FRE 401-403; *CardSoft, Inc. v. Verifone Sys., Inc.*, 2:08-cv-98 (Dkt. 376 at 2) (E.D. Tex. Jun. 4, 2012) (Payne, J.) (preventing introduction of evidence, testimony, or reference to attorneys representing plaintiff on a contingent-fee basis). Introduction of such evidence is irrelevant and would be unfairly prejudicial. *See also Rembrandt Wireless v. Samsung Elec.*, 2:13-cv-0213 (Dkt. 248 at 5) (E.D. Tex. Jan. 31, 2015) (Payne, J.) (granting similar MIL).

**Motion in limine no. 9: to exclude reference, evidence, and/or argument suggesting that Gonzalez is a "patent troll" (or the like) or discussing whether Gonzalez himself practices the invention.**

NLV should be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding Gonzalez's

status as a non-practicing individual that has been, and is, involved in patent lawsuits though he does not personally utilize the asserted patents. In particular, Gonzalez seeks an order prohibiting NLV from making derogatory, disparaging, and/or pejorative references to Gonzalez by, for example, using any of the following or similar terms: "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," "playing the lawsuit lottery," or "a person that doesn't use the invention."  Such references, descriptions, statements, or arguments have no relevance to any claim or defense in this lawsuit. FRE 402.

Moreover, the probative value – if any – of such statements, descriptions, references, or argument is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or the risk of misleading the jury into resolving this case based on factors other than the evidence and the law.  FRE 403.  This Court routinely excludes the use of such terms before the jury in reference to a patent owner.  *See, e.g., Mobilemedia Ideas LLC v. HTC Corp.*, 2:10-cv-112 (Dkt. 377 at 3-4) (E.D. Tex. Apr. 24, 2013); *SSL Services, LLC v. Citrix Systems, Inc.*, 2:08-cv-158 (Dkt. 219 at 3) (E.D. Tex., May 24, 2012).

**Motion in limine no. 10: to exclude reference, evidence, and/or argument suggesting that the PTO did not evaluate the Gonzalez Patents properly or sufficiently.**

NLV should be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that the PTO – or its Examiners – are overburdened, incompetent, not qualified, or overlook references, as well as any reference to "bad" patents, a "broken" patent system, the need for patent reform, or any similar pejorative term.  Any such discussion of the quality of the PTO's examination process is irrelevant and may be unfairly prejudicial or distracting from the relevant standard. Such testimony also would constitute an improper attempt to undermine the presumption of

validity under 35 U.S.C. § 282, and the presumption that the PTO does its job properly. *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 n.1 (Fed. Cir. 2001). "Testimony about overwork . . . would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office." *Applied Materials., Inc. v. Advanced Semiconductor Materials Am., Inc.*, 1995 U.S. Dist. LEXIS 22335, at *11 (N.D. Cal. Apr. 25, 1995); *see also Fractus, S.A. v. Samsung Elecs. Co.*, 6:09-cv-203 (Dkt. 899 at 2) (E.D. Tex. Apr. 29, 2011) (precluding Defendants from belittling the competence of the PTO); *Mass Engineered Design v. Ergotron*, 2:06-cv-272 (Dkt. 613 at 2) (E.D. Tex. Oct. 20, 2008) (granting similar motion); *Rembrandt Wireless v. Samsung Elec.*, 2:13-cv-0213 (Dkt. No. 248 at 304) (E.D. Tex. Jan. 31, 2015) (Judge Payne) (same). Comments about unqualified, overworked and negligent examiners constitute "[i]nflammatory insinuations and incorrect statements," and "their presentation to prejudice the jury is not condoned." *Novo Nordisk A/S v. Becton Dickinson & Co.,* 304 F.3d 1216, 1220 (Fed. Cir. 2002). They should be excluded under FRE 402, 403, and 602.

**Motion in limine no. 11: to exclude reference, evidence, and/or argument discussing Gonzalez's decision to dismiss, abandon, or drop any claims during this or any action.**

NLV should be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the existence of prior claims or causes of action that have been dismissed, abandoned, or dropped by Gonzalez, including the fact that such claims or causes of actions were previously asserted but have been dismissed, abandoned, or dropped. FRE 401-403; *Fractus, S.A. v. Samsung Elecs. Co., Ltd.,* 6:09-cv-203 (Dkt. 899 at 1) (E.D. Tex. Apr. 7, 2011) (granting a nearly identical motion); *EZ Dock, Inc. v. Shafer Sys. Inc.,* 2003 U.S. Dist. LEXIS 3634, at *37 (D. Minn. Mar. 8, 2003) (finding plaintiff's "dismissal of certain claims has no relevance to the patent infringement claim

the jury must decide").  Gonzalez' decision to drop claims during litigation to streamline the case, and in accordance with the rules and orders of the Court, is not relevant to the issues to be tried.

**Motion in limine no. 12: to exclude reference, evidence, and/or argument by NLV suggesting Gonzalez's nationality which diminishes his rights or standing in any way.**

NLV should be precluded from any argument or solicitation of testimony suggesting that Gonzalez' status as a foreign resident reduces or has any bearing whatsoever on his ability to seek protections under the United States patent laws, including but not limited to litigating in the Eastern District of Texas.  Such argument and testimony is irrelevant to any issue in this case and may cause undue prejudice and juror confusion.  FRE 401-403.

**Motion in limine no. 13: to exclude any reference, evidence, and/or argument to discussions of the parties' settlement negotiations. [AGREED]**

The parties agree that they each shall be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding the settlement negotiations or settlement offers made or discussed between the parties to the litigation.  FRE 408.

**Motion in limine no. 14: to exclude evidence, reference, and/or argument by NLV comparing the accused website to any prior art.**

NLV should be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony comparing the accused website to prior art, or otherwise comparing the prior art to Gonzalez's infringement theories.  It would be improper for NLV to argue that the accused website does not infringe merely because it (allegedly) practices the prior art.  *Zenith Elecs. Corp. v. PDI Comm. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (quoting *Tate Access Floors, Inc. v. Interface Architectural Resources, Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002)) (no "practicing prior art" defense to literal infringement); *Mobile Telecom. v. Sprint,* 2:12-cv-0832 (Dkt. 372 at 2) (E.D. Tex. Nov. 5,

2014) (Gilstrap, J.) (granting motion to preclude defense of "practicing the prior art"). Comparisons of the prior art and the accused website have no relevance to any claim or defense in this case.  FRE 402.  Even if relevant, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FRE 403; *see also SimpleAir v. Google*, 2:14-cv-0011 (Dkt. 325) (E.D. Tex. Oct. 6, 2015) (Gilstrap J.) (granting motion prohibiting comparison of prior art to infringement theories, rather than to Court's claim construction).

**Motion in limine no. 15: to exclude reference, evidence, and/or argument by NLV suggesting non-accused websites do not infringe.**

NLV should be precluded from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting that products, methods, websites, or parties not accused of infringement in this case do not infringe the patents-in-suit.  That a given website or party is not accused of infringement in this case does not mean such products or parties do not infringe the patents-in-suit, and NLV should not be permitted to suggest otherwise to the jury.  Such claims or comments are irrelevant to any issue in this case and are likely to cause jury confusion and therefore are inadmissible under FRE 401-403.

**Motion in limine no. 16: to exclude evidence, reference, and/or argument by NLV concerning inequitable conduct on the part of Gonzalez or his attorneys.**

NLV should be prohibited from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony suggesting inequitable conduct on the part of Gonzalez and/or his attorneys.  Inequitable conduct is not a defense as pled in this case, and would be prejudicial and confusing.  FRE 401-403; *Genband v. Metaswitch Networks,* 2:14-cv-033 (Dkt. 370 at 8) (E.D. Tex. Sept. 30, 2015) (granting similar motion).

**Motion in limine no. 17: to exclude references or argument by NLV discussing any Gonzalez defendants or Gonzalez's litigation strategy.**

NLV should be precluded from introducing references or argument relating to litigation targets of Gonzalez, or the failure of Gonzalez to file suit against any particular entity; comments concerning litigation strategy on the part of Gonzalez and his counsel.  Such references or comments are irrelevant to any issue in this case and are likely to cause jury confusion and therefore are inadmissible under FRE 401-403.

**Motion in limine no. 18: to exclude reference or argument by NLV comparing settlement amounts to costs of defense .**

NLV should be precluded from introducing references or argument relating to the prior Gonzalez settlement agreements in association with relative costs of defense.  Any such references or comments are irrelevant to any issue in this case, are highly prejudicial, and are likely to cause jury confusion and therefore are inadmissible under FRE 401-403.

Dated:  January 21, 2016                      Respectfully submitted,

   /s/   M. Scott Fuller
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@lockelord.com
Jason E. Mueller
   Texas Bar No. 24047571
   jmueller@lockelord.com
Paul D. Lein
   Texas Bar No. 24070133
   plein@lockelord.com
Darrian L. Campbell
   Texas Bar No. 24087250
   dcampbell@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800
**ATTORNEYS FOR PLAINTIFF**
**EMMANUEL C. GONZALEZ**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on January 21, 2016.

    /s/   M. Scott Fuller
M. Scott Fuller

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that a conference was conducted with counsel for Defendant New Life concerning the subject matter of the above Motions *in limine*, and counsel for New Life expressed agreement for Motions 8 and 13, and remains opposed to the remaining disputed Motions.

/s/ M. Scott Fuller