IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 2:14-cv-906-JRG-RSP |
| INFOSTREAM GROUP, INC., | § § § | |
| Defendant. | § | |

# MEMORANDUM ORDER

Pending before the Court is Plaintiff Emmanuel C. Gonzalez's Motion to Exclude and/or Strike the Expert Report and Opinions of Daniel Manheim. (Dkt. No. 118.) Gonzalez asks the Court to exclude Mr. Manheim's testimony relating to (1) the eBay references; (2) anticipation and obviousness; (3) subject matter eligibility; and (4) Dr. Garlick's testimony. Gonzalez also asks the Court to strike Mr. Manheim's testimony relating to (1) the level of ordinary skill in the art and (2) Mr. Gonzalez's level of skill in the art.

## MOTION TO EXCLUDE

### I. APPLICABLE LAW

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702.

"The inquiry envisioned by Rule 702 is . . . a flexible one," but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's

testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993); *see also Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field."); *TQP Dev. LLC v. 1-800-Flowers.com, Inc.*, Case No. 2:11-cv-248-JRG, 2015 WL 6694116, at *4 (E.D. Tex. Nov. 3, 2015) ("Dr. Becker was entitled to rely upon Dr. Jager's technical analysis when constructing his damages model and presenting it to the jury.").

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)). "The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).

In assessing the "reliability" of an expert's opinion, the trial court may consider a list of factors including: "whether a theory or technique . . . can be (and has been) tested," "whether the theory or technique has been subjected to peer review and publication," "the known or potential rate of error," "the existence and maintenance of standards," and "general acceptance" of a theory in the "relevant scientific community." *Daubert*, 509 U.S. at 593–94; *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999) ("*Daubert* makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.'"); *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

"The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable." *Johnson*, 685 F.3d at 459 (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)). At base, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015).

## II.    ANALYSIS

### A.    eBay References, Database, and Source Code

Gonzalez asserts that the parts of Mr. Manheim's report relating to the eBay reference should be excluded under *Daubert* because he did not use any reliable methodology to reach his conclusions. Gonzalez notes that "Mr. Manheim looked *solely* at various *screenshots* of the eBay website—purported to predate the Gonzalez Patents—and conclusorily states that 'digital labels' and a 'relational database' were utilized by the early eBay website." (Dkt. No. 118 at 8.) Gonzalez contends that based on Mr. Manheim's review, he cannot testify "on the eBay backend technologies." (Dkt. No. 118 at 11–12.)

The Court finds that Mr. Manheim's testimony passes *Daubert*. The crux of Gonzalez' contention is: "At a bare minimum, Mr. Manheim could have cited source code or testimony as to the actual database systems used by eBay during the relevant period." (Dkt. No. 118 at 9.) The Court agrees with Gonzalez that this may have been the ideal way for Mr. Manheim to examine the eBay reference because in many cases source code is the best and most direct evidence of how a software or an internet feature functions.

However, *Daubert* does not require an expert to rely on only direct evidence to reach her conclusions. Sometimes, an expert can rely on circumstantial evidence. For example, an expert

can find that a Wi-Fi chip in a phone complies with the Wi-Fi standard if the phone can connect to the internet while only connected to a router. *Daubert* does not require the expert to then gather direct evidence by examining the code associated with the chip. Gonzalez, thus, has not shown that it is inherently unreliable for Mr. Manheim to use screenshots as indirect evidence for the conclusions in his report.[1]

Gonzalez also asserts the Mr. Manheim cannot testify, at all, on either the eBay "database or source code" because he never reviewed information on those topics. (Dkt. No. 118 at 11.) The Court resolves this without *Daubert*. Rule 26 prevents Mr. Manheim from testifying outside the scope of his report. Fed. R. Civ. P. 26(a) (2). Thus, if Mr. Manheim did not disclose that he reviewed the eBay source code in his report, Mr. Manheim may not state that at trial. (*See* Dkt. No. 119-1 ¶12.) However, neither Rule 26 nor *Daubert* bars Mr. Manheim from responding to testimony about the eBay source code presented by Gonzalez's witnesses at trial.

Finally, NLV has now provided a declaration from Mr. Manheim's which states among other things that he has "personal experience and knowledge of the eBay website that was publically used in the United States prior to July 1, 2000" (Dkt. No. 122-1 ¶3) and that he "had direct professional interaction with engineers who personally worked on developing the 'back-

---

[1] Gonzalez makes two additional arguments that the Court will not address in a *Daubert* motion. First, Gonzalez suggests that the eBay reference is inadmissible because it is not authenticated. This issue should have been raised at the pretrial conference. Second, Gonzalez claims that Mr. Manheim's testimony on obviousness should be excluded because it does not address the secondary considerations of non-obviousness. To the extent that this request is not a motion for summary judgment of non-obviousness, the Court notes as follows: a defense of obviousness is a question of law with underlying facts to be resolved by the Jury. The underlying facts include the scope and content of the prior art, the differences between the prior art and the claims, and the level of ordinary skill in the art. *Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 17 (1966). The facts also include secondary considerations of non-obviousness. *See Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010). Mr. Manheim can attempt to establish a prima facie case of obviousness based the factual contents of the eBay reference. Gonzalez may rebut that prima facie case with its own facts such as those on the secondary considerations. *Transocean*, 617 F.3d at 1305.

end' of the eBay website, and this corroborated my knowledge that the eBay website stored and searched the data for auction listings using a relational database" (Dkt. No. 122-1 ¶5). The Court finds that this declaration is an untimely attempt to supplement Mr. Manheim's report. The declaration is stricken. To the extent the substance of the declaration is not in Mr. Manheim's existing reports he many not testify to those facts under Rule 26.

**B.     Anticipation and Obviousness**

Gonzalez asserts that "Mr. Manheim's opinions with regard to the Meta-Tags and their anticipatory or obviousness impact on the Gonzalez Patents should be stricken" because "they are unsupported by evidence and are merely conclusory statements passed off as facts." (Dkt. No. 118 at 16.) Gonzalez argues that Mr. Manheim has not cited evidence in support of several points of testimony.

The Court finds that Mr. Manheim's testimony clears *Daubert*. An example of unreliable testimony that Gonzalez points to is Mr. Manheim's statement that "Meta-tags are also gathered and 'domiciled' on the computers of a search-engine such as Altavista, Excite, and Infoseek/Go.com, when the search engine indexes/crawls the webpage." (Dkt. No. 118 at 16.) The Court finds that there is sufficient support for this conclusion. In Mr. Manheim's report, he says that "Excite and Altavista allow searches that filter on meta-tag values, specifically the 'lang' meta-tag, as shown by the following screenshots." (Dkt. No. 119-1 ¶173.) This observation and the screenshots provide at least some indirect evidence that Excite and Altavista are run on computers which "domicile" meta-tags.

**C.     Subject Matter Eligibility**

Gonzalez assets Mr. Manheim's testimony on subject matter eligibility should be stricken because "[v]alidity under section 101 is a threshold question of law." (Dkt. No. 118 at 17.) The

Court does not exclude these parts of Mr. Manheim's report because NLV said that it would not present subject matter eligibility at trial. NLV said that subject matter eligibility was in the report as support for NLV's motion for summary judgment. *See Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("This legal conclusion may contain underlying factual issues.").

**D.     Rebuttal of Dr. Garlick's Testimony**

Two instructions arise from this issue. First, NLV may offer testimony which shows that Dr. Garlick applied different constructions for validity and infringement. Second, Mr. Manheim may not apply Dr. Garlick's constructions if Mr. Manheim disagrees with them. Rule 702 permits an expert to rely on the word of another expert only if it is reasonable to do so. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014). The Court notes that it is seldom, if ever, reasonable for an expert to draw an ultimate conclusion based on the disputed opinion of a rival expert. *See Better Mouse Company, LLC v. SteelSeries ApS*, 2:14-cv-198-RSP, Dkt. No. 308, at *6 n.2 (E.D. Tex. Jan. 5, 2016) ("The issue of improper expert reliance arises when two experts disagree on the same issue and one expert draws an ultimate conclusion based on the testimony of the expert that she disagrees with. For example, when an alleged infringer's expert relies on the patentee's expert's testimony on the contested plain and ordinary meaning of a term to show that an asserted patent is invalid.").

## MOTION TO STRIKE

**A.     Level of Ordinary Skill in the Art**

Gonzalez asserts that Mr. Manheim cannot testify on the level of ordinary skill in the art because NLV did not oppose Gonzalez's definition during claim construction. (*See* Dkt. No. 109 at 9 ("Defendants do not oppose . . . and have not submitted a competing definition of the person

Court does not exclude these parts of Mr. Manheim's report because NLV said that it would not present subject matter eligibility at trial. NLV said that subject matter eligibility was in the report as support for NLV's motion for summary judgment. *See Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) ("This legal conclusion may contain underlying factual issues.").

**D.     Rebuttal of Dr. Garlick's Testimony**

Two instructions arise from this issue. First, NLV may offer testimony which shows that Dr. Garlick applied different constructions for validity and infringement. Second, Mr. Manheim may not apply Dr. Garlick's constructions if Mr. Manheim disagrees with them. Rule 702 permits an expert to rely on the word of another expert only if it is reasonable to do so. *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014). The Court notes that it is seldom, if ever, reasonable for an expert to draw an ultimate conclusion based on the disputed opinion of a rival expert. *See Better Mouse Company, LLC v. SteelSeries ApS*, 2:14-cv-198-RSP, Dkt. No. 308, at *6 n.2 (E.D. Tex. Jan. 5, 2016) ("The issue of improper expert reliance arises when two experts disagree on the same issue and one expert draws an ultimate conclusion based on the testimony of the expert that she disagrees with. For example, when an alleged infringer's expert relies on the patentee's expert's testimony on the contested plain and ordinary meaning of a term to show that an asserted patent is invalid.").

## MOTION TO STRIKE

**A.     Level of Ordinary Skill in the Art**

Gonzalez asserts that Mr. Manheim cannot testify on the level of ordinary skill in the art because NLV did not oppose Gonzalez's definition during claim construction. (*See* Dkt. No. 109 at 9 ("Defendants do not oppose . . . and have not submitted a competing definition of the person

of ordinary skill in the art.").) The Court finds that NLV may argue the level of ordinary skill in the art at trial. NLV served Mr. Manheim's report disclosing his testimony on the level of ordinary skill in November 2015. (Dkt. No. 119-1 at 87.) Gonzalez has had sufficient time to challenge Mr. Manheim's testimony through a rebuttal report and a deposition. Thus, Gonzalez has not been prejudiced by Mr. Manheim's testimony despite NLV having not raised it at claim construction.

Furthermore, Mr. Manheim's testimony is important, and the Court would benefit from the Jury's factfinding. The Federal Circuit has consistently held that "[o]bviousness is a question of law based on underlying questions of fact." *See Daiichi Sankyo Co., Ltd. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007). "The underlying factual inquiries in an obviousness analysis include: '(1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness.'" *Daiichi*, 501 F.3d 1256 (quoting *In re Dembiczak*, 175 F.3d 994, 998 (Fed. Cir. 1999)).

### B. Mr. Gonzalez's Technical Abilities

The Court excludes under Rule 403 the statement that Mr. Gonzalez "deliberately misled the patent office." (Dkt. No. 119-1 ¶303.) NLV has not asserted inequitable conduct as defense, and the probative value of this type of testimony is substantially outweighed by the risk of unfair prejudice. The testimony relating to Mr. Gonzalez's statements on "meta-tags," however, is not excluded because whether the Patent Office was able to accurately consider the prior art is a fact question that affects the weight of the evidence on invalidity. The remainder of this argument relates to Mr. Manheim's testimony that appears in the subject matter eligibility section of his

report. NLV has agreed that it would not raise subject matter eligibility before the Jury, therefore, the Court will not strike this testimony.

## CONCLUSION

NLV has shown that the bulk of Mr. Manheim's testimony is admissible. The Motion to Strike (Dkt. No. 118) thus is **GRANTED-IN-PART and DENIED-IN-PART** consistent with the Court's reasoning. The Motion is **GRANTED** as to allegations that Gonzalez "deliberately misled the patent office," any attempt by an expert to apply a claim construction that the expert disagrees with, and any testimony that is prohibited by Rule 26. The Motion is **DENIED** as to all remaining issues.

**SIGNED this 7th day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE