IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMMANUEL C. GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:14-cv-0906 |
| vs. | § | Consolidated Lead Case |
| | § | |
| INFOSTREAM GROUP, INC., | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

_____

| | | |
|---|---|---|
| NEW LIFE VENTURES, INC. | § | Case No. 2:14-cv-0907 |

_____

**DEFENDANT NEW LIFE VENTURES, INC.'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION REGARDING SUMMARY JUDGMENT OF INVALIDITY
<u>PURSUANT TO § 101</u>**

Defendant New Life Ventures, Inc. ("NLV") respectfully objects to the February 6, 2016 Report and Recommendation (Dkt. No. 160, the "Report") denying New Life's motion for summary judgment of invalidity pursuant to 35 U.S.C. § 101. NLV filed a motion for summary judgment of invalidity pursuant to § 101 on January 27, 2016. Dkt. No. 142 (Motion); *see also* Dkt. Nos. 142-1—142-13 (exhibits supporting NLV's motion for summary judgment); Dkt. Nos. 150 & 150-1 (NLV's Reply in support of its motion for summary judgment). Briefing concluded on February 3, 2016, and Judge Payne issued a Report and Recommendation that NLV's Motion be denied on February 6, 2016. Dkt. Nos. 160 ("Report and Recommendation").

NLV objects to the findings, conclusions, and recommendations contained in Dkt. No. 160 and re-urges its motion that the Gonzalez patents are invalid pursuant to § 101. For the reasons stated in NLV's motion and supporting exhibits and briefing, which are incorporated by reference herein, NLV is entitled to judgment as a matter of law that the asserted claims in the '807 and '665 patents do not claim patentable subject matter.

The two-step framework that is used to evaluate § 101 inquiries, as described in *Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289 (2012) and *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014), was not applied correctly in the Report and Recommendation. Regarding the first step, the Report and Recommendation interprets Claim 1 of the '665 patent to recite steps "for 'gathering' one type of data and 'producing' a 'label,'" and concludes that "producing" a "label" based on gathered data does not describe an abstract idea. Dkt. No. 160 at 7; *see also id.* at 7-8 ("Processing gathered data to 'produce' 'something symbolic' does not describe an abstract idea because that process is a specific and concrete implementation of data storage."); *id.* at 8 ("[A]s stated above, organizing data using 'labels' describes a specific and concrete way of implementing data storage.") (citations omitted).

Regarding the second step, the Report and Recommendation states:

> Thus, even though the claims recite generic physical limitations such as 'computer system,' 'database,' and 'Website,' in combination with 'labels' these components improve the computer system so that it can address the Internet-centric problem of 'surfers' being unable [to] find information through word-match searches." Dkt. No. 160 at 9 (internal citations omitted).

Even as described in the Report and Recommendation, the asserted claims do not claim patentable subject matter. Organizing data using labels is an abstract idea, not a concrete way of implementing data storage, and it was not an inventive step to combine the basic building blocks of the internet with an organizational concept like "labels." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 716 (Fed. Cir. 2014); *Mortgage Grader, Inc. v. First Choice Loan Services*, __ F.3d. __, Case No. 2015-1415 (Fed. Cir., Jan. 20, 2016).

Moreover, the application of *Mayo* and *Alice* to the asserted claims of the '807 and '665 patents as described in the Report and Recommendation is directly inconsistent with this Court's analysis of the same two-step test in *eDekka LLC v. 3Balls.com, Inc.*, 2015 WL 5579840, at *1-*2 (E.D. Tex. Sept. 21, 2015). The *eDekka* '674 patent was entitled "Random Access Information Retrieval Utilizing User-Defined Labels." *Id.* at *1. The table below compares the claim 1 of the *eDekka* '674 patent to claim 1 of the '807 patent:

| **Gonzalez '807 Patent, Claim 1** | ***eDekka* '674 Patent, Claim 1** |
|---|---|
| 1. A host website apparatus for listing subscribers comprising: <br> a computer system, <br> said computer system includes a digital label database for providing to a listing subscriber digital labels representing different specific qualities and a subscriber database for storing a listing of subscribers' digital labels; <br> said computer system being configured to respond to a subscriber's request for listing and guiding the subscriber via the Host Website display to enter information pertaining to the subscriber and <br> converting the information to digital labels by accessing said digital label database and storing the subscriber's digital labels in said subscriber database; and <br> said computer system further configured to enable users to search said subscriber database for subscriber digital labels identifying subscriber qualities. | 1. Method for storing information provided by a user which comprises: <br> in response to user input, receiving and storing information; <br> in response to user input, designating the information as data while the information is being received; <br> in response to user input, traversing a data structure and providing an indication of a location in the data structure; <br> in response to user input, storing the label at the location in the data structure; and associating the label with the data. |

*eDekka LLC v. 3Balls.com*, 2015 WL 9225038, at *2 (E.D. Tex. Dec. 17, 2015). In both cases, the claims require the ability to receive and store information from a user, and to associate that information with a label. In the '807 patent, incoming data is converted into a digital label; in the *eDekka* patent, incoming information is designated partially as "data" and partially as a "label." These steps do similar things, *i.e.* associating data with a label. Finally, in the '807 patent labels are stored in a database, which is configured to enable a user to search for those labels; in the *eDekka* patent, a label is stored at a particular place (so that it may later be found) and associated with stored information, so that it can be accessed later. One difference between these claims is that claim 1 of the '807 patent requires a "computer system" in the claims, but *Alice* held expressly that this sort of generic limitation does not help make a claim patent-eligible. *Alice*, 134 S. Ct. at 2352. Claim 1 of the *eDekka* patent was found to claim

3

unpatentable subject matter, and the patent was called "demonstrably weak on its face." *eDekka LLC v. 3Balls.com*, 2015 WL 9225038 (E.D. Tex. Dec. 17, 2015). The '807 and '665 patents likewise claim unpatentable subject matter and should be determined as patent ineligible under § 101 as a matter of law.

## II. CONCLUSION

The Court should not adopt Magistrate Judge Payne's recommendation regarding patentable subject matter, and should instead adopt the positions set forth in NLV's motion for summary judgment.

Dated: February 19, 2016             Respectfully Submitted,

By:    */s/ Nicholas A. Brown*
       NICHOLAS A. BROWN
       (CA SBN 198210, admitted EDTX)
       brown@gtlaw.com
       STEPHEN M. ULLMER
       (CA SBN 277537, admitted EDTX)
       ullmers@gtlaw.com
       GREENBERG TRAURIG, LLP
       4 Embarcadero Center, Suite 3000
       San Francisco, CA 94111-5983
       Telephone: 415.655.1300
       Facsimile: 415.520.5609

       **ATTORNEYS FOR DEFENDANT**
       **NEW LIFE VENTURES, INC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date listed below, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.


Dated: February 19, 2016                    */s/ Nicholas A. Brown*

                                                              Nicholas A. Brown